**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

05    11067 PBS

VOLKSWAGEN AG, VOLKSWAGEN OF AMERICA,
INC. and BUGATTI INTERNATIONAL, S.A.,

          : CASE NO.

    Plaintiffs,       :

        MAGISTRATE JUDGE

v.             :

             : **JURY TRIAL DEMANDED**

THE BUGATTI, INC.       :

    Defendant.      :

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

**COMPLAINT FOR DAMAGES AND**
**INJUNCTIVE RELIEF**

    Volkswagen AG ("VWAG") and Volkswagen of America, Inc. ("VWoA") (VWAG and

VWoA collectively "Volkswagen") and Bugatti International, S.A. ("Bugatti International"),

(VWAG, VWoA and Bugatti International collectively "Plaintiffs"), by and through their

undersigned attorneys, file this civil action against The Bugatti, Inc. ("Defendant"), as follows:

**THE PARTIES**

    1.  VWAG is a corporation organized and existing under the laws of Germany, with a

principal place of business in Wolfsburg, Federal Republic of Germany.

    2.  VWoA is a corporation organized and existing under the laws of the State of New

Jersey, with a principal place of business in Auburn Hills, Michigan.

    3.  Bugatti International is a corporation organized and existing under the laws of

Luxembourg, with a principal place of business in Luxembourg.

116333.00120/35675783v1
00067528.DOC / 2

4.     Upon information and belief, Defendant is a Massachusetts corporation with its principal place of business at 100 Condor Street, East Boston, Massachusetts 02128.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this case involves trademarks and arises under the laws of the United States, *inter alia*, 15 U.S.C. §§ 1114, 1117 and 1125.

6.     This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims falling within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States.

7.     This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant: is a corporation organized under the laws of the forum state; transacts business within and has availed itself of this forum; contracts to sell goods and render services within the forum, both through traditional means and through the Internet; engages in a persistent course of conduct in this forum; expects, or should reasonably expect, its acts to have legal consequences in this forum; and maintains substantial, systematic and continuous minimum contacts in this forum.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims are based here.

2

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Volkswagen AG's Business and Marks

9. VWAG is a manufacturer of automobiles, which have achieved worldwide fame and recognition. VWAG is recognized worldwide as the source of VW automobiles. VWAG is the

owner of the letter mark VW and the VW Concentric Circle Logo

(collectively, "the VW Marks"). VWAG owns hundreds of trademark registrations throughout the world for the VW Marks, including in the United States the following U.S. Trademark Registration Nos.: 1,883,332 dated March 14, 1995, which covers *inter alia* International classes 12 and 18 and is incontestable; 2,100,963 dated September 30, 1997, which covers International class 12 and is incontestable; 2,299,293 dated December 14, 1999, which covers *inter alia* International class 12; 2,181,615 dated March 2, 2004, which covers *inter alia* International class 12; 2,849,974 dated June 8, 2004, which covers *inter alia* International classes 12 and 18; 2,930,238 dated March 8, 2005, which covers International class 11; and 2,932,356 dated March 15, 2005, which covers *inter alia* International class 12. VWAG is also the owner of the following pending U.S. Trademark Application Nos.: 79001131 for the VW Logo in International classes 12 and 18 *inter alia* and 79001133 for the mark VW which covers *inter alia* International class 12 and 79001521 for a color version of the VW Logo in International class 12 *inter alia*.

3

10.     VWAG has expended substantial financial resources developing, testing and promoting its automobiles under the distinctive VW Marks. As a result of VWAG's worldwide promotional activities under the VW Marks, and its adherence to the highest standards of quality control in the design and engineering of its VW line of automobiles, the VW Marks have become famous, and are widely recognized by the public, the trade and media.

11.     The VW Marks became famous long prior to Defendant's unauthorized adoption and use of the VW Marks for its leather goods.

## **Volkswagen of America's Business, Use and Enforcement Activities**

12.     VWoA is the United States importer and distributor of automobiles manufactured by VWAG, and, as such, is charged with protecting the trademarks associated with those automobiles in the United States.

13.     VWoA is authorized to use the VW Marks in the United States and VWoA has also expended substantial financial resources actively advertising and promoting automobiles manufactured by VWAG under the VM Marks. VWoA also uses the VW Marks to promote accessories and gear including, *inter alia*, leather wallets and CD cases.

## **Bugatti International's Business and Marks**

14.     In the early part of the 20th century, Mr. Ettore Bugatti founded a company in Molsheim, France, for the design, manufacture and sale of racing automobiles in connection with the BUGATTI mark. During this time, the BUGATTI mark became world famous and synonymous

4

with excellence in design and extravagant luxury, which connotations persist until this day. BUGATTI branded automobiles continued to be raced until the late 1950s.

15.     Prior to his death in 1947, Ettore Bugatti's company had transitioned to the design and manufacture of aircraft engines and aircraft. In 1963, Messier-Hispano-Bugatti assumed all rights, title and interest in the BUGATTI mark and continued in the aircraft manufacturing business.

16.     In 1987, Bugatti International was founded for the purpose of designing, manufacturing, and selling world-class luxury automobiles in the tradition of Ettore Bugatti.

17.     On or about July 1, 1988, Bugatti International acquired the U.S. trademark registrations, Reg. Nos. 1,407,200, 1,440,535, and 1,444,0536, for the marks BUGATTI and the logo mark

**BUGATTI**

, which is a Red Oval Logo bearing the word BUGATTI and the stylized initials "EB" (collectively referred to as the "BUGATTI Marks").

18.     In 1992, Bugatti International's Italian subsidiary, Bugatti Automobili, began manufacturing automobiles and had built 139 before 1995 when it incurred financial difficulties. One of these automobiles was exhibited in the U.S. in 1993 at the Detroit Auto Show. In 1996, Bugatti International's other Italian subsidiary, Ettore Bugatti SrL, signed a license agreement with Ralston Investments Inc. to operate a Bugatti boutique in Honolulu, Hawaii, specializing in luxury, branded products including pens, champagne, and watches.

116333.00120/35675783v1
00067528.DOC / 2

19.    In 1998, Ettore Bugatti SrL assigned its United States trademark registrations for EB ETTORE BUGATTI Logo and EB Logo, Reg. Nos. 2026214 (since cancelled) and 1787760, respectively, to Bugatti International.

20.    Bugatti International maintains priority rights in the BUGATTI Marks and is the owner of all right, title and interest to the BUGATTI Marks and to the related federal trademark registrations.

21.    In addition, Bugatti International is the owner of all right, title and interest to over eight-hundred trademark registrations worldwide for its BUGATTI Marks.

22.    In 1998, Bugatti International was purchased by VWAG and the original Bugatti factory of Ettore Bugatti in France was re-opened.

23.    Pursuant to license, Bugatti International's affiliated companies and licensees, Bugatti Automobiles S.A.S., a French corporation, and Bugatti Engineering GmbH, a German company, began to design and manufacture BUGATTI branded automobiles.

24.    The first new BUGATTI automobile was exhibited in Paris in 1998. Auto shows followed in 1999 in Geneva and Tokyo. The first BUGATTI automobile offered for sale, the VEYRON, was exhibited in January of 2000 at the Detroit Auto Show. The VEYRON bears as a badge on its grille the Red Oval Logo bearing the word BUGATTI and the stylized initials "EB." The list price for the VEYRON is more than $1 million. BUGATTI branded automobiles have been exhibited at the annual Pebble Beach Auto show in California since 2000. The VEYRON is

6

considered a "Super Car" and holds the distinction of being the fastest production automobile on the market.

25.    Bugatti International is the owner of pending U.S. trademark applications filed December 4, 1998, namely, Serial No. 75/599,753 for the mark BUGATTI for automobiles and U.S. Serial No. 75/983,482 for the mark BUGATTI for watches, jewelry and tie clips, printed materials, namely, brochures in the field of automobiles and subjects of interest to automotive enthusiasts, and decorative china plates, cups, saucers. Bugatti International is also the owner of pending U.S. trademark    application    Serial    No.    78/175,475    for    the    logo    mark,

**BUGATTI**

, filed October 17, 2002, for "leather goods, namely suitcases, bags, namely, athletic bags, travel bags, cosmetic cases sold empty, ladies' bags, namely, clutch bags, shoulder bags, purses, pocket wallets and toy cars, model cars for collectors, leather golf bags."

26.    Bugatti International registered its distinctive trademark VEYRON with the U.S. Patent and Trademark Office under Registration No. 2,829,102, which issued April 6, 2004 for vehicles and toy model cars.

27.    Bugatti International has expended substantial financial resources developing, testing, exhibiting, promoting and marketing its automobiles under the BUGATTI Marks. As a result of Bugatti International's worldwide promotional activities under the BUGATTI Marks, including in

7

the United States, and its adherence to the highest standards of quality control in the design and engineering of its BUGATTI line of automobiles, distinctiveness of the BUGATTI Marks and the fame of such marks have been further enhanced and extended, and are widely recognized by the public, the trade and the media.

28. Bugatti International is recognized worldwide as the source of BUGATTI automobiles.

**Defendant Bugatti, Inc.'s Unauthorized Use of the VW Marks**

29. On information and belief, Defendant is fully aware that VWAG is the owner of the VW Marks.

30. On information and belief, Defendant is fully aware that the VW Marks are famous marks.

31. On information and belief, Defendant is fully aware that VWAG owns U.S. Trademark Registration No. 1,883,332 and 2,849,974 for leather goods.

32. On information and belief, Defendant has applied the VW Marks to leather goods and accessories. Such application is shown in Defendant's advertisements and catalogs and on the websites <www.Bugatti.com> and <www.atalante.com> operated by Defendant.

33. On information and belief, Defendant has applied the VW Marks to leather goods and accessories because the VW Marks are famous marks.

8

34. On information and belief, Defendant is fully aware that it is not authorized to apply the VW Marks to any goods, or to manufacture, advertise and sell goods identified by the VW Marks.

35. Defendant includes pictures of certain leather goods bearing the VW Marks on its websites <www.Bugatti.com> and <www.atalante.com>.

36. The <www.atalante.com> website is linked to the <www.Bugatti.com> website and is accessed by clicking on "Distributors." On the <www.atalante.com> website Defendant has provided the following instructions:

> This site is provided compliments of your Bugatti® Atalante™ Leather Accessories distributor, who can arrange to have these leather accessories personalized for you.

> Distributors are encouraged to copy and paste pictures and descriptions from this web site. To save a copy of a picture to your own hard disk just click and hold down your mouse button on the picture you'd like to use and choose save, name it with a name you can remember or write down, and save it to a folder where you will be sure to find it – or to your desktop.

As of April 15, 2005, on the <www.atalante.com> website, Defendant was providing the following instructions:

> This site is provided compliments of your Atalante ™ Leather Accessories distributor, who can arrange to have these leather accessories personalized for you.

> Distributors are encouraged to use pictures and descriptions from this web site.

37. Such instructions on Defendant's <www.atalante.com> website encourage and induce Defendant's distributors to copy and paste pictures of certain leather goods bearing the VW Marks without authorization from Volkswagen. Defendant is fully aware that such copying and pasting of pictures of certain leather goods bearing the VW Marks is without authorization of Volkswagen.

9

38.     Long after Volkswagen's adoption, use and registration of the VW Marks, with full knowledge of Volkswagen's prior rights in the VW Marks, and without Volkswagen's authorization or consent, Defendant commenced use of the VW Marks as trademarks in connection with its business activities in the Commonwealth of Massachusetts and elsewhere in the United States.

39.     By reason of Volkswagen's prior rights in and to the distinctive and famous VW Marks, Defendant's use of the VW Marks as trademarks in connection with its business is likely to cause confusion and mistake in the minds of the purchasing public, and tends to and does falsely create the impression that the goods and services of the Defendant are provided, sponsored or licensed by Volkswagen, or are otherwise affiliated with or authorized by Volkswagen.

**Defendant Bugatti, Inc.'s Unauthorized Use of the Bugatti Marks**

40.     Defendant Bugatti, Inc. is a purveyor of leather goods and accessories.

41.     Defendant previously owned a U.S. Trademark Registration No. 1,155,090 for the mark BUGATTI for leather goods and accessories. Such Trademark Registration was cancelled on June 29, 2002. Defendant is fully aware of the cancellation of its Trademark Registration.

42.     Defendant filed an application Serial No. 76/536,905 for registration of the mark BUGATTI for leather goods and accessories on July 25, 2003, over one year after Trademark Registration No. 1,158,090 was cancelled.

43.     Application Serial No. 76/536,905 was suspended on September 15, 2004. As a consequence of such suspension, Defendant cannot obtain a registration of the mark BUGATTI for leather goods and accessories until such time as the suspension is lifted.

10

44.    Since June 29, 2002, Defendant has had no U.S. Trademark Registration of the mark BUGATTI for leather goods and accessories. Defendant is fully aware that it has no such U.S. Trademark Registration.

45.    Defendant has no U.S. Trademark Registration for a Red Oval Logo bearing the word BUGATTI. Defendant has no pending application for U.S. Trademark Registration of a Red Oval Logo bearing the word BUGATTI.

46.    Defendant is fully aware that it has no U.S. Trademark Registration for a Red Oval Logo bearing the word BUGATTI. Defendant is also fully aware that it has no pending application for U.S. Trademark Registration of a Red Oval Logo bearing the word BUGATTI.

47.    Despite the fact that Defendant has no U.S. Trademark Registration for the mark BUGATTI, Defendant has deliberately and willfully falsely asserted that it has a U.S. Trademark Registration for the mark BUGATTI by using the ® symbol with the word BUGATTI and on a Red Oval Logo bearing the word BUGATTI. Such false claim of registration has occurred in Defendant's advertisements and catalogs and on websites <www.Bugatti.com> and <www.atalante.com> operated by Defendant which have been updated and/or copyrighted by Defendant as recently as April 15, 2005, subsequent to the cancellation of Defendant's U.S. Trademark Registration No. 1,158,090 and subsequent to the filing of U.S. Trademark Application Serial No. 76/536,905.

11

116333.00120/ 35675783v1
00067528.DOC / 2

48.      Defendant's false use of the ® symbol is willful and deliberate and made with full
knowledge and awareness that Defendant has no U.S. Trademark Registration for the mark
BUGATTI and/or the Red Oval Logo bearing the word BUGATTI.

49.      Defendant adopted a Red Oval Logo bearing the word BUGATTI subsequent to and
with the full knowledge and awareness that Bugatti International had previously adopted a Red Oval
Logo bearing the word BUGATTI.

50.      In operating the website <www.Bugatti.com>, Defendant has without authorization
from Bugatti International used Bugatti International's registered trademark VEYRON on
Defendant's website and has provided links to photographs of Bugatti International's VEYRON
automobile identified by the Red Oval Logo bearing the word BUGATTI. Such links were provided
by Defendant in order to associate itself with the VEYRON automobile, and with Plaintiff Bugatti
International, when in fact, no such association exists or has been authorized.

51.      In operating the website <www.atalante.com>, Defendant has provided the following
instructions to its distributors:

> This site is provided compliments of your Bugatti® Atalante™ Leather Accessories
> distributor, who can arrange to have these leather accessories personalized for you.

> Distributors are encouraged to copy and paste pictures and descriptions from this
> web site. To save a copy of a picture to your own hard disk just click and hold
> down your mouse button on the picture you'd like to use and choose save, name it
> with a name you can remember or write down, and save it to a folder where you
> will be sure to find it – or to your desktop.

Defendant has also instructed its distributors:

> This site is provided compliments of your Atalante™ Leather Accessories
> distributor, who can arrange to have these leather accessories personalized for you.

12

Distributors are encouraged to use pictures and descriptions from this website.

52.     The instructions provided to Defendant's distributors encourage and induce Defendant's distributors to copy and paste the Red Oval Logo bearing the word BUGATTI. By following the instructions provided by Defendant, Defendant's distributors can copy and paste the Red Oval Logo bearing the word BUGATTI.

53.     When the Red Oval Logo bearing the word BUGATTI is copied from the <www.atalante.com> website by Defendant's distributors, the ® applied by Defendant is also copied.   Thus, Defendant is encouraging its distributors to falsely claim a U.S. Trademark Registration.

54.     Long after Bugatti International's adoption, use and registration of the BUGATTI Marks, with full knowledge of Bugatti International's prior rights in the BUGATTI Marks, and without Bugatti International's authorization or consent, Defendant commenced use of the Red Oval Logo bearing the word BUGATTI as a trademark in connection with its business activities in the Commonwealth of Massachusetts and elsewhere in the United States.

55.     By reason of Bugatti International's prior rights in and to the distinctive and famous BUGATTI Marks for automobiles, Defendant's use of BUGATTI in its trademarks, is likely to cause confusion and mistake in the minds of the purchasing public, and tends to and does falsely create the impression that the goods of the Defendant are provided, sponsored or licensed by Bugatti International, or are otherwise affiliated with or authorized by Bugatti International.

13

## COUNT I
### [VIOLATION OF § 32 OF THE LANHAM ACT, 15 U.S.C. § 1114; INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK]

56.     Volkswagen realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive.

57.     Defendant has been and still is infringing Volkswagen's distinctive and famous VW Marks pursuant to section 32 of the Lanham Act, 15 U.S.C. § 1114, by the unauthorized use of the VW Marks in the advertising, promotion, marketing and sale of its leather goods in the United States, including in the Commonwealth of Massachusetts, which acts have caused a likelihood of confusion, mistake or deception to consumers, prospective purchasers and the trade as to the source of Defendant's goods, believing them to emanate from Volkswagen as being authorized, sponsored or approved by Volkswagen, thus impairing Volkswagen's goodwill symbolized by the VW Marks.

58.     Defendant has knowingly, willfully and wantonly infringed Volkswagen's VW Marks.

59.     Defendant's actions infringing Volkswagen's rights in the VW Marks have caused and shall continue to cause great injury and damage to Volkswagen and Volkswagen's goodwill, which injury and damage cannot be adequately quantified.

60.     As a result of Defendant's conduct, Volkswagen has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of infringement, Volkswagen will have no adequate remedy at law.

14

## COUNT II
## [VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a); FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE REPRESENTATION]

61.    Volkswagen realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive.

62.    Defendant has been and still is engaging in false designation of origin and false representation under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by the unauthorized use of the VW Marks and in the advertising, promotion, marketing and sale of its leather goods in the United States, including the Commonwealth of Massachusetts, thereby falsely representing that the Defendant's goods are somehow provided, sponsored or licensed by, or somehow otherwise affiliated with Volkswagen.

63.    Defendant's deliberate and wrongful acts of false designation of origin and false representation have caused and will continue to cause great injury and damage to Volkswagen and to Volkswagen's goodwill, which injury and damage cannot be adequately quantified.

64.    As a result of Defendant's conduct, Volkswagen has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of false designation of origin and false representation, Volkswagen will have no adequate remedy at law.

## COUNT III
## [COMMON LAW TRADEMARK INFRINGEMENT]

65.    Volkswagen realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive.

15

66.     Defendant's use of the identical VW Marks is likely to cause confusion to consumers, prospective purchasers and the trade as to the source or origin of the goods of the Defendant, unfairly competing with, and to the detriment of, Volkswagen, which injury and damage cannot be adequately quantified.

67.     As a result of Defendant's conduct, Volkswagen has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of unfair competition, Volkswagen will have no adequate remedy at law.

## COUNT IV
## [VIOLATION OF THE FEDERAL TRADEMARK DILUTION ACT, 15 U.S.C. § 1125(C); DILUTION OF FAMOUS MARK AND INJURY TO BUSINESS REPUTATION]

68.     Volkswagen realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive.

69.     Volkswagen has advertised, promoted and distributed Volkswagen automobiles and related services throughout the United States under the distinctive VW Marks, and as a result of such advertising, promotion and distribution of such goods and services, the VW Marks associated therewith have become famous and are recognized by the consuming public and the trade throughout the U.S. as indication of origin in Volkswagen.

70.     The VW Marks are famous and distinctive within the purview of 15 U.S.C. § 1125(c)(1) and the meaning of 15 U.S.C. § 1127.

71.     Defendant's unauthorized use of the VW Marks has diluted and is diluting the distinctiveness of Volkswagen's VW Marks, which unlawful conduct constitutes dilution in

16

116333.00120/35675783v1
00067528.DOC / 2

violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c)(1). Defendant's unlawful conduct commenced after the VW Marks had become famous and was undertaken with full recognition and knowledge of Volkswagen's ownership and prior use of its famous VW Marks worldwide and in the U.S.

72.     Volkswagen is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken with the intent to trade on Volkswagen's goodwill and reputation and with the intent to dilute the VW Marks.

73.     This conduct has diluted, and is likely to and will continue to dilute, the distinctive quality of the VW Marks by lessening their capacity to identify and distinguish the goods and services of Volkswagen.

74.     Defendant's deliberate and wrongful acts of dilution have caused, are likely to cause and will continue to cause great injury and damage to the goodwill of Volkswagen, which injury and damage cannot be adequately quantified.

75.     As a result of Defendant's conduct, Volkswagen has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of dilution, Volkswagen will have no adequate remedy at law.

## COUNT V
## [VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 110B, SECTION 12; INJURY TO BUSINESS REPUTATION AND DILUTION]

76.     Volkswagen realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive.

17

77.     Volkswagen has advertised, promoted and distributed its goods and services throughout the United States under the VW Marks, and as a result of this advertising, promotion and sales of such goods and services, the VW Marks associated therewith have come to mean, and are recognized in the relevant channels of trade as indicating that the goods and services so identified emanate from Volkswagen.

78.     As a result of the longstanding, continuous and exclusive use of the VW Marks by Volkswagen, the VW Marks have become strongly associated with Volkswagen in the minds of consumers.

79.     Defendant's unlawful use of the VW Marks has injured, and is likely to continue to injure, Volkswagen's business reputation; and that Defendant's conduct has diluted, and will continue to dilute, the distinctive quality of the VW Marks.

80.     Defendant's unlawful conduct constitutes injury to business reputation, as well as dilution, in violation of Massachusetts General Laws Ch. 110B, § 12.

81.     Defendant's deliberate and wrongful acts of dilution have caused and will continue to cause great injury and damage to Volkswagen, and the business reputation and goodwill of Volkswagen, which injury and damage cannot be adequately quantified.

82.     As a result of Defendant's conduct, Volkswagen has suffered and continue to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of dilution, Volkswagen will have no adequate remedy at law.

18

## COUNT VI
## [COMMON LAW UNFAIR COMPETITION]

83.    Volkswagen realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive.

84.    Volkswagen is the exclusive owner of the VW Marks for use in connection with automobiles, auto parts and related products and services. Products and services offered under the VW Marks are widely recognized as originating with Volkswagen.

85.    Defendant's use of the VW Marks in intrastate and interstate commerce constitutes false designation of origin, false representation, and wrongfully and falsely designates Defendant's goods and services as originating from or connected with Volkswagen.

86.    Defendant's use of the VW Marks is an intentional misappropriation of the goodwill of Volkswagen's VW Marks, and is likely to cause confusion or to cause mistake among, or to deceive, consumers, prospective purchasers, and the trade.

87.    Defendant's unlawful conduct constitutes unfair competition in violation of the common law.

88.    Defendant's deliberate and wrongful acts of unfair competition have caused and will continue to cause great injury and damage to Volkswagen, and Volkswagen's goodwill, which injury and damage cannot be adequately quantified.

89.    As a result of Defendant's conduct, Volkswagen has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of unfair competition, Volkswagen will have no adequate remedy at law.

19

## COUNT VII
### [VIOLATION OF § 32 OF THE LANHAM ACT, 15 U.S.C. § 1114;
### INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK]

90.     Bugatti International realleges and incorporate herein the averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

91.     Defendant has been and still is infringing Bugatti International's distinctive and famous BUGATTI Marks pursuant to section 32 of the Lanham Act, 15 U.S.C. § 1114, by the unauthorized use of the Red Oval Logo bearing the word BUGATTI as the dominant portion of its trademark and in the advertising, promotion, marketing and sale of its leather goods in the United States, including in the Commonwealth of Massachusetts, which acts have caused a likelihood of confusion, mistake or deception to consumers, prospective purchasers and the trade as to the source of Defendant's goods and services, believing them to emanate from Bugatti International, or as being authorized, sponsored or approved by Bugatti International, thus impairing Bugatti International's goodwill symbolized by the Red Oval Logo.

92.     Defendant has knowingly, willfully and wantonly infringed Bugatti International's Red Oval Logo.

93.     Defendant's actions infringing Bugatti International's rights in the Red Oval Logo have caused and shall continue to cause great injury and damage to Bugatti International, and Bugatti International's goodwill, which injury and damage cannot be adequately quantified.

20

94.     As a result of Defendant's conduct, Bugatti International has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of infringement, Bugatti International will have no adequate remedy at law.

## COUNT VIII
### [VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a); FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE REPRESENTATION]

95.     Bugatti International realleges and incorporates herein the averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

96.     Defendant has been and still is engaging in false designation of origin and false representation under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by the unauthorized use of the Red Oval Logo bearing the word BUGATTI as the dominant portion of its trademark and in the advertising, promotion, marketing and sale of its leather goods in the United States, including the Commonwealth of Massachusetts, thereby falsely representing that the Defendant's services and goods are somehow provided, sponsored or licensed by, or somehow otherwise affiliated with Bugatti International.

97.     Defendant's deliberate and wrongful acts of false designation of origin and false representation have caused and will continue to cause great injury and damage to Bugatti International and to Bugatti International's goodwill, which injury and damage cannot be adequately quantified.

98.     As a result of Defendant's conduct, Bugatti International has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of

21

such acts of false designation of origin and false representation, Bugatti International will have no adequate remedy at law.

## COUNT IX
### [COMMON LAW TRADEMARK INFRINGEMENT]

99.    Bugatti International realleges and incorporates herein the averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

100.    Defendant's use of the confusingly similar Red Oval Logo bearing the word BUGATTI trademark is likely to cause confusion to consumers, prospective purchasers and the trade as to the source or origin of the goods of the Defendant, unfairly competing with, and to the detriment of, Bugatti International, which injury and damage cannot be adequately quantified.

101.    As a result of Defendant's conduct, Bugatti International has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of unfair competition, Bugatti International will have no adequate remedy at law.

## COUNT X
### [VIOLATION OF THE FEDERAL TRADEMARK DILUTION ACT, 15 U.S.C. § 1125(c); DILUTION OF FAMOUS MARK AND INJURY TO BUSINESS REPUTATION]

102.    Bugatti International realleges and incorporates herein the averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

103.    Bugatti International, and its predecessors, have advertised, promoted and sold its goods and services throughout the United States under the Red Oval Logo, and as a result of such advertising, promotion and sales, the Red Oval Logo associated therewith has come to mean, and is

22

recognized in the relevant channels of trade as indicating that the goods so identified emanate from Bugatti International.

104.    As a result of the longstanding, continuous and exclusive use of the Red Oval Logo by Bugatti International and its predecessors, such mark has become strongly associated in the minds of consumers with Bugatti International.

105.    The Red Oval Logo is famous and distinctive within the purview of 15 U.S.C. § 1125(c)(1) and the meaning of 15 U.S.C. § 1127.

106.    Defendant's unlawful conduct constitutes dilution in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c)(1). This conduct was undertaken with full recognition and knowledge of Bugatti International's prior use of the Red Oval Logo worldwide and in the U.S., and commenced after such mark had become famous.

107.    Bugatti International is informed and believes, and on that basis alleges, that Defendant's unlawful conduct was undertaken with the intent to erode and tarnish Bugatti International's reputation and the goodwill associated with the Red Oval Logo.

108.    This conduct has diluted, is likely to dilute and will continue to dilute, the distinctive quality of the Red Oval Logo by lessening its capacity to identify and distinguish Bugatti International's goods.

109.    Defendant's deliberate and wrongful acts of dilution have caused, is likely to cause and will continue to cause great injury and damage to Bugatti International and to Bugatti International's goodwill, which injury and damage cannot be adequately quantified.

23

110.    As a result of Defendant's conduct, Bugatti International has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of dilution, Bugatti International will have no adequate remedy at law.

**COUNT XI**
**[VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 110B, SECTION 112; INJURY TO BUSINESS REPUTATION AND DILUTION]**

111.    Bugatti International realleges and incorporates herein the averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

112.    Bugatti International, and its predecessors, have advertised, promoted and sold its goods and services throughout the United States under the Red Oval Logo, and as a result of this advertising, promotion and sales, the Red Oval Logo associated therewith has come to mean, and is recognized in the relevant trading areas and channels of trade as, the goods and services of Bugatti International.

113.    As a result of the longstanding, continuous and exclusive use of the Red Oval Logo by Bugatti International and its predecessors, the Red Oval Logo has become strongly associated with Bugatti International in the minds of consumers.

114.    Bugatti International is informed and believes, and on that basis alleges, that Defendant's unlawful conduct was subsequent to Bugatti International's adoption and use of the Red Oval Logo; that Defendant's conduct has injured, and is likely to continue to injure, Bugatti International's business reputation; and that Defendant's conduct has diluted, and will continue to dilute, the distinctive quality of the Red Oval Logo.

24

115.   Defendant's unlawful conduct constitutes injury to business reputation, as well as dilution, in violation of Massachusetts General Laws Ch. 110B, § 12.

116.   Defendant's deliberate and wrongful acts of dilution have caused and will continue to cause great injury and damage to Bugatti International, and Bugatti International's business reputation and goodwill, which injury and damage cannot be adequately quantified.

117.   As a result of Defendant's conduct, Bugatti International has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of dilution, Bugatti International will have no adequate remedy at law.

## COUNT XII
## [COMMON LAW UNFAIR COMPETITION]

118.   Bugatti International realleges and incorporates herein the averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

119.   Bugatti International is the exclusive owner of the Red Oval Logo for use in connection with automobiles, auto parts and related products and services. Products and services offered under the Red Oval Logo are widely recognized as originating with Bugatti International.

120.   Defendant's use of the Red Oval Logo in intrastate and interstate commerce constitutes false designation of origin, false representation, and wrongfully and falsely designates Defendant's goods as originating from or connected with Bugatti International.

121.   Defendant's use of the Red Oval Logo is an intentional misappropriation of the goodwill of Bugatti International's Red Oval Logo, and is likely to cause confusion or to cause mistake among, or to deceive, consumers, prospective purchasers, and the trade.

25

122. Defendant's unlawful conduct constitutes unfair competition in violation of the common law.

123. Defendant's deliberate and wrongful acts of unfair competition have caused and will continue to cause great injury and damage to Bugatti International, and Bugatti International's goodwill, which injury and damage cannot be adequately quantified.

124. As a result of Defendant's conduct, Bugatti International has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of unfair competition, Bugatti International will have no adequate remedy at law.

## COUNT XIII
## [DEFENDANT'S UNCLEAN HANDS]

125. Volkswagen realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive. Bugatti International realleges and incorporates herein the averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

126. Defendant Bugatti, Inc. has engaged in conduct which constitutes unclean hands. As a consequence, Defendant is precluded from registering the mark BUGATTI in any form in the U.S. Patent and Trademark Office.

127. Defendant has deliberately and willfully misrepresented that it has a U.S. Trademark Registration for the mark BUGATTI when it was fully aware that it has no such registration and that its application to register the mark BUGATTI is suspended. Despite this knowledge and awareness, Defendant has used the ® designation with the word BUGATTI and with a Red Oval Logo bearing the word BUGATTI.

26

128.    Defendant has operated a website in which it has deliberately and actively encouraged and induced its distributors to copy and paste images, including the Red Oval Logo bearing the word BUGATTI, such Red Oval Logo falsely marked with the ® designation, as well as pictures of leather goods bearing the VW Marks.

129.    Defendant is in the business of appropriating to itself the famous marks of others, including the Red Oval Logo bearing the word BUGATTI used by Bugatti International for luxury automobiles, the VW marks used by Volkswagen, and the marks of third parties such as JAGUAR and HONDA, as well as many others.

130.    Defendant's misappropriation of famous third party marks is carried out in conjunction with its misappropriation of the VW Marks and the Red Oval Logo.

131.    Defendant has falsely misrepresented an association with the VEYRON Super Car when no such association exists or has been authorized.

132.    The totality of Defendant's conduct in is misrepresentations and misappropriations reflect that Defendant does not respect the unfair competition laws, trademark laws nor the trademark rights of others.  As such, Defendant is guilty of unclean hands and should be precluded from availing itself of the protection of the same laws that it has willfully, knowingly and deliberately breached.

27

## **RELIEF SOUGHT**

**WHEREFORE**, Volkswagen demand that:

A.      Judgment be entered in favor of Volkswagen and against Defendant as to each of the above Counts I – VI and XIII;

B.      Defendant pay damages incurred by Volkswagen as a result of the unlawful acts perpetrated by Defendant;

C.      An accounting be ordered to determine the profits realized by Defendant due to the unauthorized use of the VW Marks;

D.      Defendant pay three times such profits or damages, whichever is greater;

E.      Defendant, and any of its officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors and all persons in active concert or participation with Defendant, be enjoined from directly or indirectly:

    i.      using the VW Marks, and using any confusingly similar designation, alone or in combination with other words, as a trademark, service mark, domain name, or trade name to identify, market, distribute, advertise, promote, to offer for sale or to provide any goods or services;

    ii.      otherwise infringing the VW Marks;

    iii.      continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause Defendant's

28

goods or services to be mistaken for, confused with or passed off as Volkswagen's goods or services; and

F.    Defendant be directed to file with this Court and to serve on Volkswagen, within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.    Defendant be required to deliver up for destruction all goods, signs, literature, advertising and other materials bearing the VW Marks or any name or mark, or colorable imitation thereof, that is confusingly similar to the VW Marks, used in connection with Defendant's goods or services;

H.    Defendant be required to remove the VW Marks and any confusingly similar name or mark from its website(s), HTML code, metatags, search engine query terms and any other electronic communications hosts, links and devices;

I.    Defendant be ordered to pay costs of this action, including attorney's fees, incurred by Volkswagen in connection with Defendant's willful acts of infringement, dilution, unfair competition, and deceptive and unfair trade practices; and

J.    Such other and further relief as this Court deems just and proper.

29

**WHEREFORE**, Bugatti International demands that:

K.    Judgment be entered in favor of Bugatti International and against Defendant as to each of the above Counts VII - XIII;

L.    Defendant pay damages incurred by Bugatti International as a result of the unlawful acts perpetrated by Defendant;

M.    An accounting be ordered to determine the profits realized by Defendant due to the unauthorized use of the Red Oval Logo;

N.    Defendant pay three times such profits or damages, whichever is greater;

O.    Defendant, and any of their officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors and all persons in active concert or participation with Defendant, be enjoined from directly or indirectly:

i.    using the Red Oval Logo, and using any confusingly similar designation, alone or in combination with other words, as a trademark, service mark, domain name, or trade name to identify, market, distribute, advertise, promote, to offer for sale or to provide any goods or services;

ii.    otherwise infringing the BUGATTI Marks;

iii.    continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause Defendant's goods or services to be mistaken for, confused with or passed off as Bugatti International's goods or services;

30

iv.    applying for or attempting to register with any governmental entity, including but not limited to the Commonwealth of Massachusetts and the U.S. Patent and Trademark Office, any trademark or service mark consisting in whole or in part of the word BUGATTI;

v.    interfering with Bugatti International's use and registration of its BUGATTI Marks, including but not limited to, maintaining the prosecution of Opposition No. 91160515, now pending in the U.S. Patent and Trademark Office before the Trademark Trial and Appeal Board; and

vi.    linking, associating or attempting to associate itself with the VEYRON automobile or any other automobile bearing the BUGATTI Marks.

P.    Defendant be directed to file with this Court and to serve on Bugatti International, within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

Q.    Defendant be required to deliver up for destruction all goods, signs, literature, advertising and other materials bearing the Red Oval Logo or any name or mark, or colorable imitation thereof, that is confusingly similar thereto, used in connection with Defendant's goods or services;

R.    Defendant be required to remove the Red Oval Logo and any confusingly similar name or mark from its website(s), HTML code, metatags, search engine query terms and any other electronic communications hosts, links and devices;

31

116333.00120/35675783v1
00067528.DOC / 2

S.       Defendant be ordered to pay costs of this action, including attorney's fees,

incurred by Bugatti International in connection with Defendants' willful acts of infringement,

dilution, unfair competition, and deceptive and unfair trade practices; and

T.       Such other and further relief as this Court deems just and proper.

32

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims that may be tried before a jury.


Respectfully submitted,

VOLKSWAGEN AG, VOLKSWAGEN OF
AMERICA, INC. and BUGATTI
INTERNATIONAL, S.A.,

By their attorneys,


David A. Brown (BBO# 556161)
Margaret H. Paget (BBO# 567679)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone: 617.646.2000
Facsimile: 617-646-2222

Of Counsel:

Susan B. Flohr
Michael D. White
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, DC  20037
Telephone: (202) 772-5800
Facsimile: (202) 772-5858


Dated: May 23, 2005

33

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN OF AMERICA, INC. AND BUGATTI, INTERNATIONAL, S.A. | THE BUGATTI, INC. |

**(b)** County of Residence of First Listed Plaintiff    Wolfsburg, Germany
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:    Suffolk County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David A. Brown (556161) Margaret H. Paget (567679) SHERIN AND LODGEN LLP, 101 Federal Street, Boston, MA 02110 617.646.2000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C . sections 1114, 1117 and 1125

Brief description of cause:
Defendant has used the trademarks of the plaintiffs without authority in violation of the Lanham Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00 + and injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE            DOCKET NUMBER

DATE
5/23/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)___Volkswagen AG et al. v. The Bugatti, Inc.___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. | |
|---|---|---|---|
| ✓ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| | V. | 150, 152, 153. | |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐    NO ✓

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ✓

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐    NO ✓

    A.    If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___David A. Brown (556161), Margaret H. Paget (567679)___

ADDRESS ___Sherin and Lodgen LLP, 101 Federal Street, Boston MA 02110___

TELEPHONE NO. ___617-646-2000___

(CategoryForm.wpd - 5/2/05)