UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN OF AMERICA, INC. and BUGATTI INTERNATIONAL, S.A. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11067 PBS |
| THE BUGATTI, INC. | ) ) | |
| Defendant. | ) ) ) | |

**[UNOPPOSED] MOTION OF DEFENDANT THE BUGATTI, INC.
TO AMEND ITS ANSWER, COUNTERCLAIMS AND JURY DEMAND**

Defendant The Bugatti, Inc. ("Bugatti") respectfully moves that this Court grant it leave to amend its answer, counterclaims and jury demand under Fed. R. Civ. P. 15(a) to clarify certain of its responses contained in its earlier filed answer, counterclaims and jury demand. A copy of Bugatti's Amended Answer, Counterclaims and Jury Demand is attached as an exhibit to the present Motion.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a court should freely grant leave to amend the pleadings. Fed.R.Civ.P. 15(a). Amendments should be permitted absent evidence of undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors are not present in the instant case.

Pursuant to Local Rule 7.1, counsel for Bugatti has conferred with Michael White,

counsel for plaintiff Volkswagen et al. ("VW"), to seek VW's concurrence in the present motion.

Mr. White indicated that VW did not oppose Bugatti's amending its answer.


Dated:　　Boston, Massachusetts
　　　　　August 19, 2005


**THE BUGATTI, INC.,**

By its attorneys,


/s/David M. Magee　　　　　　　　.
Victor H. Polk, Jr., BBO #546099
David M. Magee, BBO #652399
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000

*Attorneys for Plaintiff*
*The Bugatti, Inc.*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby affirms that he electronically filed the foregoing paper with the

Clerk of the Court using the ECF system and caused copies to be served upon the following

attorneys of record:

Susan B. Flohr                     David A Brown
Michael D. White                   Margaret H. Paget
BLANK ROME LLP                     SHERIN AND LODGEN LLP
600 New Hampshire Avenue, NW       101 Federal Street
Washington, DC 20037               Boston, Massachusetts 02110

by United State Postal Service on the 19th day of August 2005.

Respectfully submitted,

**THE BUGATTI, INC.**

*By its attorneys,*

  /s/ David M. Magee                      .
David M. Magee, BBO #652399
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000
Fax: (617) 951-8736

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN OF AMERICA, INC. and BUGATTI INTERNATIONAL, S.A. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11067 PBS |
| THE BUGATTI, INC. | ) ) | |
| Defendant. | ) ) ) | |

## AMENDED ANSWER, COUNTERCLAIMS AND JURY DEMAND OF DEFENDANT THE BUGATTI, INC.

Now comes the defendant, The Bugatti, Inc. ("Bugatti"), and answers the complaint of

the plaintiffs Volkswagen AG, Volkswagen of America, Inc. and Bugatti International, S.A

(collectively "VW"), as follows:

THE PARTIES

1.      Bugatti is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies same.

2.      Bugatti is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies same.

3.      Bugatti is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies same.

4.      Bugatti admits that it is a corporation and has a principal place of business at 100

Condor Street, East Boston, Massachusetts 02128.

JURISDICTION

5.      In response to the allegations of paragraph 5 of the Complaint, Bugatti states that it contains statements and conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading is required, Bugatti states that the statutes to which reference is made speak for themselves, and denies each and every other allegation contained in paragraph 5 of the Complaint.

6.      In response to the allegations of paragraph 6 of the Complaint, Bugatti states that it contains statements and conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading is required, Bugatti states that the statutes to which reference is made speak for themselves, and denies each and every other allegation contained in paragraph 6 of the Complaint.

7.      In response to the allegations of paragraph 7 of the Complaint, Bugatti states that it contains statements and conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading is required, Bugatti states that the statutes to which reference is made speak for themselves, and denies each and every other allegation contained in paragraph 7 of the Complaint.

8.      In response to the allegations of paragraph 8 of the Complaint, Bugatti states that it contains statements and conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading is required, Bugatti states that the statutes to which reference is made speak for themselves, and denies each and every other allegation contained in paragraph 8 of the Complaint.

FACTS

9.      Bugatti admits that U.S. Trademark Registration Nos. 1,883,332, 2,100,963, 2,299,293, 2,849974, 2,930,238, and 2,932,356 appear from the USPTO's TESS database to be registered by Volkswagen Aktiengesellschaft Corporation Fed Rep Germany Brieffach 1770 D-38436 Wolfsburg Fed Rep Germany.  U.S. Trademark Registration No. 2,181,615 (now cancelled) for the mark CHARITABLE LEGACY PLAN appears from the USPTO's TESS database to be registered by Robert Ritter dba InsMark Insurance Services; Stone Valley Road, Alamo California 94507.  U.S. Trademark Applications bearing Serial Nos. 79001131 and 79001133 appear from the USPTO's TESS database to be applied for by Volkswagen Aktiengesellschaft Corporation Fed Rep Germany Brieffach 1770 D-38436 Wolfsburg Fed Rep Germany.   U.S. Trademark Application bearing Serial Nos. 79001521 appears from the USPTO's TESS database to be applied for by Volkswagen AG Corporation Fed Rep Germany D-38436 Wolfsburg Fed Rep Germany. Bugatti is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 9 of the Complaint, and therefore denies same.

10.      Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies same.

11.      Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies same.

12.      Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies same.

13.      Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies same.

14.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies same.

15.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies same.

16.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies same.

17.    Bugatti admits that U.S. Trademark Registration Nos. 1,407,200 and 1,440,535 appear from the USPTO's TESS database to be registered by Bugatti International of Luxembourg 8 Rue Nicolas Petit.  Bugatti is unable to locate any information on U.S. Trademark Registration No. 1,444,0536.  Bugatti is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 17 of the Complaint, and therefore denies same.

18.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies same.

19.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies same.

20.    Bugatti denies the allegations contained in paragraph 20 of the Complaint.

21.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies same.

22.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore denies same.

23.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies same.

24. Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies same.

25. Bugatti admits that U.S. Trademark Application No. 78/175,475 for the EB BUGATTI mark for leather goods, namely suitcases, bags, namely, athletic bags, travel bags, cosmetic cases sold empty, ladies' bags, namely, clutch bags, shoulder bags, purses, pocket wallets, toy cars, model cars for collectors, and leather golf bag appears from the USPTO's TESS database to be applied for by Bugatti International S.A. Corporation, Fed Rep Germany 8 - 10, rue Mathias Hardt Luxembourg 1717. Bugatti is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 25 of the Complaint, and therefore denies same.

26. Bugatti admits that U.S. Trademark Registration No. 2,829,102 appears from the USPTO's TESS database to be registered to Bugatti International S.A. Corporation, Fed Rep Germany Luxembourg 1717. Bugatti is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 26 of the Complaint, and therefore denies same.

27. Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies same.

28. Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies same.

29. Bugatti denies the allegations contained in paragraph 29 of the Complaint.

30. Bugatti denies the allegations contained in paragraph 30 of the Complaint.

31. Bugatti admits that U.S. Trademark Registration No. 1,883,332 and 2,849,974 appear from the USPTO's TESS database to be registered to Volkswagen Aktiengesellschaft

Company Fed Rep Germany Wolfsburg Fed Rep Germany.  To the extent that this allegation relies on documents and/or  website content, those documents and/or website content speak for themselves.  Bugatti denies each and every other allegation contained in paragraph 31 of the Complaint.

32.    To the extent that this allegation relies on documents and/or  website content, those documents and/or website content speak for themselves.  Bugatti denies each and every other allegation contained in paragraph 32 of the Complaint.

33.    Bugatti denies the allegations contained in paragraph 33 of the Complaint.

34.    Bugatti denies the allegations contained in paragraph 34 of the Complaint.

35.    Bugatti denies the allegations contained in paragraph 35 of the Complaint.

36.    To the extent that this allegation relies on documents and/or  website content, those documents and/or website content speak for themselves.  Bugatti denies each and every other allegation contained in paragraph 36 of the Complaint.

37.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and therefore denies same.

38.    Bugatti denies the allegations contained in paragraph 38 of the Complaint.

39.    Bugatti denies the allegations contained in paragraph 39 of the Complaint.

40.    Bugatti admits that it is a manufacturer and distributor of fine hand crafted leather goods and accessories.

41.    Bugatti admits that it is the holder of U.S. Trademark Registration No. 1,155,090 (now cancelled) for the mark BUGATTI for leather goods and accessories and that this registration has been cancelled.  Bugatti denies each and every other allegation contained in paragraph 41 of the Complaint.

42.     Bugatti admits that it is the applicant in an application for U.S. Trademark bearing application No. 76/536,905 for the mark BUGATTI.  Bugatti denies each and every other allegation contained in paragraph 42 of the Complaint.

43.     Bugatti admits that its application for U.S. Trademark bearing application No. 76/536,905 was suspended.  Bugatti denies each and every other allegation contained in paragraph 43 of the Complaint.

44.     Bugatti admits that it is the holder of U.S. Trademark Registration No. 1,155,090 (now cancelled) for the mark BUGATTI for leather goods and accessories and that this registration has been cancelled and that it has no other U.S. Trademark Registrations for leather goods and accessories, but that it has continuously used the BUGATTI mark in connection with leather goods and accessories continuously in commerce for over 25 years and has established significant goodwill in such mark.  Bugatti denies each and every other allegation contained in paragraph 44 of the Complaint.

45.     Bugatti admits that it has no pending application for a U.S. Trademark for a Red Oval Logo bearing the word BUGATTI, but it has continuously used a Red Oval with a Dot Surround Logo having the word BUGATTI thereon in commerce for over 25 years and has established significant goodwill in such mark.  Bugatti denies each and every other allegation contained in paragraph 45 of the Complaint.

46.     Bugatti admits that it has no U.S. Trademark Registration for a Red Oval Logo bearing the word BUGATTI but it has continuously used a Red Oval with a Dot Surround Logo having the word BUGATTI thereon in commerce for over 25 years and has established significant goodwill in such mark.  Bugatti admits that it has no pending application for a U.S. Trademark for a Red Oval Logo bearing the word BUGATTI but it has continuously used a Red Oval with a Dot

Surround Logo having the word BUGATTI thereon in commerce for over 25 years and has established significant goodwill in such mark. Bugatti denies each and every other allegation contained in paragraph 46 of the Complaint.

47.     Bugatti denies the allegations contained in paragraph 47 of the Complaint.

48.     Bugatti denies the allegations contained in paragraph 48 of the Complaint.

49.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and therefore denies same.

50.     To the extent that this allegation relies on documents and/or website content, those documents and/or website content speak for themselves. Bugatti denies each and every other allegation contained in paragraph 50 of the Complaint.

51.     To the extent that this allegation relies on documents and/or website content, those documents and/or website content speak for themselves. Bugatti denies each and every other allegation contained in paragraph 51 of the Complaint.

52.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and therefore denies same.

53.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and therefore denies same.

54.     Bugatti denies the allegations contained in paragraph 54 of the Complaint.

55.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and therefore denies same.

COUNT I
[VIOLATION OF § 32 OF THE LANHAM ACT, 15 U.S.C. § 1114;
INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK]

56.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 39, inclusive.

57.     Bugatti denies the allegations contained in paragraph 57 of the Complaint.

58.     Bugatti denies the allegations contained in paragraph 58 of the Complaint.

59.     Bugatti denies the allegations contained in paragraph 59 of the Complaint.

60.     Bugatti denies the allegations contained in paragraph 60 of the Complaint.

COUNT II
[VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a); FALSE DESIGNATION
OF ORIGIN, FALSE DESCRIPTION AND FALSE REPRESENTATION]

61.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 39, inclusive.

62.     Bugatti denies the allegations contained in paragraph 62 of the Complaint.

63.     Bugatti denies the allegations contained in paragraph 63 of the Complaint.

64.     Bugatti denies the allegations contained in paragraph 64 of the Complaint.

COUNT III
[COMMON LAW TRADEMARK INFRINGEMENT]

65.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 39, inclusive.

66.     Bugatti denies the allegations contained in paragraph 66 of the Complaint.

67.     Bugatti denies the allegations contained in paragraph 67 of the Complaint.

COUNT IV
[VIOLATION OF THE FEDERAL TRADEMARK DILUTION ACT, 15 U.S.C. § 1125(c);
DILUTION OF FAMOUS MARK AND INJURY TO BUSINESS REPUTATION]

68.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 39, inclusive.

69.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and therefore denies same.

70.     In response to the allegations of paragraph 70 of the Complaint, Bugatti states that it contains statements and conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading is required, Bugatti states that the statutes to which reference is made speak for themselves, and denies each and every other allegation contained in paragraph 70 of the Complaint.

71.     Bugatti denies the allegations contained in paragraph 71 of the Complaint.

72.     Bugatti denies the allegations contained in paragraph 72 of the Complaint.

73.     Bugatti denies the allegations contained in paragraph 73 of the Complaint.

74.     Bugatti denies the allegations contained in paragraph 74 of the Complaint.

75.     Bugatti denies the allegations contained in paragraph 75 of the Complaint.

COUNT V
[VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 110B,
SECTION 12; INJURY TO BUSINESS REPUTATION AND DILUTION]

76.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 39, inclusive.

77.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and therefore denies same.

78.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint, and therefore denies same.

79.    Bugatti denies the allegations contained in paragraph 79 of the Complaint.

80.    Bugatti denies the allegations contained in paragraph 80 of the Complaint.

81.    Bugatti denies the allegations contained in paragraph 81 of the Complaint.

82.    Bugatti denies the allegations contained in paragraph 82 of the Complaint.

COUNT VI
[COMMON LAW UNFAIR COMPETITION]

83.    Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 39, inclusive.

84.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, and therefore denies same.

85.    Bugatti denies the allegations contained in paragraph 85 of the Complaint.

86.    Bugatti denies the allegations contained in paragraph 86 of the Complaint.

87.    Bugatti denies the allegations contained in paragraph 87 of the Complaint.

88.    Bugatti denies the allegations contained in paragraph 88 of the Complaint.

89.    Bugatti denies the allegations contained in paragraph 89 of the Complaint.

COUNT VII
[VIOLATION OF § 32 OF THE LANHAM ACT, 15 U.S.C. § 1114;
INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK]

90.    Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

91.    Bugatti denies the allegations contained in paragraph 91 of the Complaint.

92.    Bugatti denies the allegations contained in paragraph 92 of the Complaint.

93.    Bugatti denies the allegations contained in paragraph 93 of the Complaint.

94.    Bugatti denies the allegations contained in paragraph 94 of the Complaint.

## COUNT VIII
### [VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a); FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE REPRESENTATION]

95.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

96.     Bugatti denies the allegations contained in paragraph 96 of the Complaint.

97.     Bugatti denies the allegations contained in paragraph 97 of the Complaint.

98.     Bugatti denies the allegations contained in paragraph 98 of the Complaint.

### COUNT IX
### [COMMON LAW TRADEMARK INFRINGEMENT]

99.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

100.     Bugatti denies the allegations contained in paragraph 100 of the Complaint.

101.     Bugatti denies the allegations contained in paragraph 101 of the Complaint.

### COUNT X
### [COMMON LAW TRADEMARK INFRINGEMENT]

102.     Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

103.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint, and therefore denies same.

104.     Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint, and therefore denies same.

105.     In response to the allegations of paragraph 105 of the Complaint, Bugatti states that it contains statements and conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading is required, Bugatti states that the statutes to which reference

is made speak for themselves, and denies each and every other allegation contained in paragraph 105 of the Complaint.

106.    In response to the allegations of paragraph 106 of the Complaint, Bugatti states that it contains statements and conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading is required, Bugatti states that the statutes to which reference is made speak for themselves, and denies each and every other allegation contained in paragraph 106 of the Complaint.

107.    Bugatti denies the allegations contained in paragraph 107 of the Complaint.

108.    Bugatti denies the allegations contained in paragraph 108 of the Complaint.

109.    Bugatti denies the allegations contained in paragraph 109 of the Complaint.

110.    Bugatti denies the allegations contained in paragraph 110 of the Complaint.

COUNT XI
[VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 110B,
SECTION 12; INJURY TO BUSINESS REPUTATION AND DILUTION]

111.    Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

112.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint, and therefore denies same.

113.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint, and therefore denies same.

114.    Bugatti denies the allegations contained in paragraph 114 of the Complaint.

115.    Bugatti denies the allegations contained in paragraph 115 of the Complaint.

116.    Bugatti denies the allegations contained in paragraph 116 of the Complaint.

117.    Bugatti denies the allegations contained in paragraph 117 of the Complaint.

## COUNT XII
## [COMMON LAW UNFAIR COMPETITION]

118.    Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 28 and 40 through 55, inclusive.

119.    Bugatti is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint, and therefore denies same.

120.    Bugatti denies the allegations contained in paragraph 120 of the Complaint.

121.    Bugatti denies the allegations contained in paragraph 121 of the Complaint.

122.    Bugatti denies the allegations contained in paragraph 122 of the Complaint.

123.    Bugatti denies the allegations contained in paragraph 123 of the Complaint.

124.    Bugatti denies the allegations contained in paragraph 124 of the Complaint.

## COUNT XIII
## [UNCLEAN HANDS]

125.    Bugatti reasserts and incorporates herein its averments of Paragraphs 1 through 55, inclusive.

126.    Bugatti denies the allegations contained in paragraph 126 of the Complaint.

127.    Bugatti denies the allegations contained in paragraph 127 of the Complaint.

128.    Bugatti denies the allegations contained in paragraph 128 of the Complaint.

129.    Bugatti denies the allegations contained in paragraph 129 of the Complaint.

130.    Bugatti denies the allegations contained in paragraph 130 of the Complaint.

131.    Bugatti denies the allegations contained in paragraph 131 of the Complaint.

132.    Bugatti denies the allegations contained in paragraph 132 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

VW has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

VW's claims are barred by equitable principles including the doctrines of laches, acquiescence and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Bugatti has priority to the BUGATTI mark in relation to its business as the mark was in use in interstate commerce by Bugatti prior to VW's adoption of the BUGATTI mark.

## FOURTH AFFIRMATIVE DEFENSE

VW has lost its rights to certain of its asserted marks as a consequence of its abandonment of those marks.

## FIFTH AFFIRMATIVE DEFENSE

Any use of any VW mark constitutes a fair use.

## SIXTH AFFIRMATIVE DEFENSE

VW's claims are barred by its own unclean hands.

## COUNTERCLAIM

Now comes the defendant, plaintiff in counterclaim, The Bugatti, Inc. ("Bugatti"), and for its counterclaim against plaintiffs, defendants in counterclaim Volkswagen AG ("VWAG"), Volkswagen of America, Inc. ("VWOA")(VWAG and VWOA collectively "Volkswagen") and Bugatti International, S.A ("BISA")(VWAG, VWOA, and BISA collectively "VW"), as follows:

### THE PARTIES

1.      Bugatti is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 100 Condor Street, Boston, Massachusetts 02128.

2.      Bugatti is informed and believes, and therefore avers, that VWAG is a corporation organized and existing under the laws of Germany, with a principal place of business in Wolfsburg, Federal Republic of Germany.

3.      Bugatti is informed and believes, and therefore avers, that VWOA is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in Auburn Hills, Michigan.

4.      Bugatti is informed and believes, and therefore avers, that BISA is a corporation organized and existing under the laws of Luxembourg, with a principal place of business in Luxembourg.

### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark and unfair competition claims).  The federal claims include a declaration of trademark priority and unfair competition under the Lanham Act (15 U.S.C. § 1051 *et seq.*).  Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332, as this suit involves citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000), not counting interest and costs.

6.      This Court has jurisdiction over the state law and common law claims under the doctrine of pendant jurisdiction 28 U.S.C. § 1337.  The state and common law claims arise from or are substantially related to the same acts giving rise to the federal claims.

7.     This Court has personal jurisdiction over defendant BISA under the Massachusetts long arm statute, M.G.L. c. 223A, § 3, because the claims arise from BISA's tortious conduct causing harm in the Commonwealth of Massachusetts.

8.     Venue in this Court is proper under 28 U.S.C. § 1391.  BISA is subject to jurisdiction in this district and a substantial part of the accused infringement, unfair competition, and other unlawful acts occurred in this district.

## FACTUAL BACKGROUND

9.     Plaintiff in counterclaim Bugatti was founded in 1972, and it began using "Bugatti" as its corporate name at that time.  It began using the BUGATTI mark in interstate commerce shortly thereafter, and has continuously used the mark throughout the United States since that time.  Bugatti began using the domain name www.bugatti.com in connection with its Internet web site in October 1995.

10.     Since its founding, Bugatti has been engaged in the business, *inter alia*, of manufacturing and selling various leather goods and accessories to distributors and the general public throughout the United States.

11.     Bugatti uses its BUGATTI mark in connection with its leather goods and accessories including but not limited to handbags, purses, wallets, pocketbooks, billfolds, duffle bags, tote bags, knapsacks, rucksacks, cosmetic bags, shaving bags, satchels, suitcases, traveling bags, valises, overnight bags, one suiter bags, two suiter bags, saddle bags, luggage type boot and shoe bags, and key cases.

12.     In order to succeed in its business, Bugatti relies heavily on the strength and goodwill associated with its marks to differentiate its business as a provider of high quality leather goods.  Bugatti's business is marketed throughout the United States and worldwide,

including via the Internet and at trade events.

13.     Bugatti had registered the mark BUGATTI with the United States Patent and Trademark Office ("USPTO") on June 23, 1981 as Reg. No. 1,158,090 for use in connection with "leather goods and accessories, namely, handbags, purses, wallets, pocketbooks, billfolds, duffle bags, tote bags, knapsacks, rucksacks, cosmetic bags sold empty, shaving bags sold empty, satchels, suitcases, traveling bags, valises, overnight bags, one suiter bags, two suiter bags, saddle bags, luggage type boot and shoe bags, and key cases."

14.     Bugatti has used its BUGATTI mark in connection with the provision of leather goods and accessories, namely, handbags, purses, wallets, pocketbooks, billfolds, duffle bags, tote bags, knapsacks, rucksacks, cosmetic bags sold empty, shaving bags sold empty, satchels, suitcases, traveling bags, valises, overnight bags, one suiter bags, two suiter bags, saddle bags, luggage type boot and shoe bags, and key cases, including in (1) advertising, press releases and press kits, brochures, and materials distributed at trade events; (2) its Internet web site, (3) its letterhead and business cards, and (4) invoices that it issues to customers.

15.     Bugatti inadvertently and unintentionally failed to pay its trademark renewal fee for Registration Number 1,158,090 and, as a result, the said registration was cancelled by the USPTO.

16.     Upon becoming aware of the cancellation of Registration Number 1,158,090, Bugatti filed Application Serial Number 76/536,905 to register the mark BUGATTI for "leather goods and accessories, namely, handbags, purses, wallets, pocketbooks, billfolds, duffle bags, tote bags, knapsacks, rucksacks, cosmetic bags sold empty, shaving bags sold empty, satchels, suitcases, traveling bags, valises, overnight bags, one suiter bags, two suiter bags, saddle bags, luggage type boot and shoe bags, and key cases."  This application remains pending before the

USPTO.

17.     By virtue of its continuous use of its BUGATTI mark in the Commonwealth of Massachusetts and throughout the United States, consumers have come to associate the BUGATTI mark with Bugatti's fine quality leather goods, and Bugatti has established trademark, trade name, and service mark rights in its BUGATTI mark under the laws of the Commonwealth of Massachusetts, other states, and the United States, and Bugatti owns invaluable goodwill represented by the BUGATTI trademark.

18.     Bugatti is informed and believes, and therefore avers that BISA has applied to the USPTO to register the trademark EB BUGATTI, Application Serial No. 78/175,475 (the "BISA Application"), for "leather goods, namely suitcases, bags, namely, athletic bags, travel bags, cosmetic cases sold empty, ladies' bags, namely, clutch bags, shoulder bags, purses, pocket wallets" in International Class 18, and "toy cars, model cars for collectors, leather golf bags" in International Class 28.

19.     Bugatti is informed and believes, and therefore avers that BISA has made no use of the trademark EB BUGATTI for any of the goods identified in the BISA Application.

20.     Bugatti was using the BUGATTI mark for well over three decades in connection with leather goods and accessories before the BISA Application.  BISA knew of the existence of the BUGATTI mark at all relevant times as a result of the discussions between Bugatti and BISA exploring business opportunities, the constructive notice provided by the registration of the BUGATTI mark, and Bugatti's continuous use of BUGATTI as a company name in interstate commerce since at least 1972.

21.     Through long and substantial use, sales and advertising of and under the BUGATTI trademark, and since long prior to the filing date of the BISA Application, Bugatti's

BUGATTI trademark acquired a high degree of distinctiveness symbolizing the invaluable goodwill owned by Bugatti.

22.    By virtue of Bugatti's extensive use, advertising and promotion of its BUGATTI trademark, long prior to the filing date of the BISA Application, Bugatti's BUGATTI trademark has become well-known and consumers have come to associate the BUGATTI trademark with Bugatti.

23.    Since long prior to filing date of the BISA Application, the BUGATTI trademark has been famous within the meaning of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

24.    Use by BISA of the trademark EB BUGATTI for applicant's aforesaid goods is likely to cause confusion, deception, or mistake as to the source of origin, sponsorship, or approval of BISA's products, in violation of Section 2(d) of the United States Trademark Act of 1946, 15 U.S.C. § 1052 (d), in that purchasers or others are likely to believe that BISA's products are Bugatti's products, or the products of a company legitimately connected with, or related to, Bugatti.

25.    Any use of the mark EB BUGATTI for applicant's aforesaid goods is likely to dilute the distinctive qualities of Bugatti's BUGATTI trademark in violation of Section 43(c) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(c).

26.    BISA has infringed Bugatti's rights in the BUGATTI mark in interstate commerce.  BISA's infringement includes without limitation the following acts: (1) adopting the BUGATTI mark, which is identical to Bugatti's BUGATTI mark; (2) adopting the EB BUGATTI and/or BUGATTI marks, which are identical or  confusingly similar to the BUGATTI mark, and (3) promoting, marketing, and selling BISA products using the identical

and/or confusingly similar EB BUGATTI and/or BUGATTI marks.

27.     Bugatti has never authorized BISA to use, maintain, seek to register, or register the EB BUGATTI or BUGATTI marks or any mark that is confusingly similar to these marks for use in connection with leather goods and accessories.

28.     BISA's use of the BUGATTI mark causes confusion, mistake, and deception as to affiliation, connection, or association of BISA with Bugatti, and as to the origin, sponsorship, or approval of BISA's programs and activities by Bugatti.

29.     Bugatti has been damaged by such use of the BUGATTI marks by BISA.

COUNT I
DECLARATORY JUDGMENT OF PRIORITY TO TRADEMARK
UNDER SECTION 33 OF THE LANHAM ACT

30.     Bugatti repeats and re-alleges each allegation contained in the preceding paragraphs.

31.     BISA has applied for the EB BUGATTI mark in its U.S. Trademark Application No. 78/175,475 in connection with leather goods, namely suitcases, bags, namely, athletic bags, travel bags, cosmetic cases sold empty, ladies' bags, namely, clutch bags, shoulder bags, purses, pocket wallets, toy cars, model cars for collectors, and leather golf bags.

32.     BISA is not entitled to use the EB BUGATTI or BUGATTI marks in the sale, offer for sale, or advertising of leather goods and accessories as Bugatti has priority rights to the BUGATTI mark in connection with the sale, offer for sale, or advertising of leather goods and accessories.

33.     At all times relevant, BISA has been aware of Bugatti's business and attendant goodwill associates with the BUGATTI mark in connection with the sale, offer for sale, or advertising of leather goods and accessories.

34.     An actual and justiciable controversy exists between Bugatti and BISA as to the

priority rights of Bugatti to the BUGATTI mark in connection with the sale, offer for sale and advertisement of leather goods and accessories.

COUNT II

DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY

AND CANCELLATION UNDER SECTION 33 OF THE LANHAM ACT

35.     Bugatti repeats and re-alleges each allegation contained in the preceding paragraphs.

36.     BISA has alleged in its Complaint that Bugatti's sale, offer for sale, or advertising of leather goods and accessories has caused a likelihood of confusion, mistake or deception to consumers, or prospective purchasers and the trade in light of BISA's U.S. Trademark Registrations 1,407,200 and 1,440,535 (the "BISA Registrations"), as registered in 1986 for clocks, watches, jewelry, wines, pens, aircraft, and automobiles.

37.     Bugatti disputes BISA's allegations, but to the extent that BISA's assertion that the offer for sale, or advertising of leather goods and accessories under the Bugatti name has caused a likelihood of confusion, mistake or deception to consumers, or prospective purchasers of clocks, watches, jewelry, wines, pens, aircraft, and automobiles, then Bugatti has priority to the use of the BUGATTI mark in any area of commerce likely to be confused with the Bugatti name, and as a result, BISA's trademark registrations in these goods and services are invalid.

38.     At all times relevant, BISA has been aware of Bugatti's business and attendant goodwill associates with the BUGATTI mark in connection with the sale, offer for sale, or advertising of leather goods and accessories.

39.     An actual and justiciable controversy exists between Bugatti and BISA as to the priority rights of Bugatti to the BUGATTI mark in connection with the sale, offer for sale and advertisement of clocks, watches, jewelry, wines, pens, aircraft, and automobiles or any other classification of goods deemed confusing to Bugatti's BUGATTI mark.

COUNT III

TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION
OF ORIGIN UNDER §43 OF THE LANHAM ACT

40.     Bugatti repeats and re-alleges each allegation contained in the preceding

paragraphs.

41.     BISA has alleged in its Complaint that Bugatti's sale, offer for sale, or

advertising of leather goods and accessories has caused a likelihood of confusion, mistake or

deception to consumers, or prospective purchasers and the trade in light of BISA's U.S.

Trademark Registrations 1,407,200 and 1,440,535 (the "BISA Registrations"), as registered in

1986 for clocks, watches, jewelry, wines, pens, aircraft, and automobiles.

42.     Bugatti disputes BISA's allegations, but to the extent that BISA's assertion that

the offer for sale, or advertising of leather goods and accessories under the Bugatti name has

caused a likelihood of confusion, mistake or deception to consumers, or prospective purchasers

of clocks, watches, jewelry, wines, pens, aircraft, and automobiles, then Bugatti has priority to

the use of the BUGATTI mark in any area of commerce likely to be confused with the Bugatti

name, and as a result, BISA has violated and continues to violate Bugatti's BUGATTI mark.

43.     At all times relevant, BISA has been aware of Bugatti's business and attendant

goodwill associates with the BUGATTI mark in connection with the sale, offer for sale, or

advertising of leather goods and accessories.

44.     BISA has engaged in unlawful acts that constitute unfair competition and false

designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. 1125 (a).

45.     BISA's unlawful acts constitute commercial use in interstate commerce.

46.     BISA's acts are causing irreparable injury to Bugatti, for which there is no

adequate remedy at law, and will continue to do so unless BISA's use of the BUGATTI mark is

enjoined by this Court.

47.     By reason of the foregoing, Bugatti has suffered monetary damages and loss of goodwill.

48.     Upon information and belief, BISA's conduct as described above has been willful, wanton, reckless, and in total disregard for Bugatti's rights.

COUNT IV
TRADEMARK AND TRADE NAME INFRINGEMENT
UNDER MASSACHUSETTS COMMON LAW

49.     Bugatti repeats and re-alleges each allegation contained in the preceding paragraphs.

50.     BISA has alleged in its Complaint that Bugatti's sale, offer for sale, or advertising of leather goods and accessories has caused a likelihood of confusion, mistake or deception to consumers, or prospective purchasers and the trade in light of BISA's U.S. Trademark Registrations 1,407,200 and 1,440,535 (the "BISA Registrations"), as registered in 1986 for clocks, watches, jewelry, wines, pens, aircraft, and automobiles.

51.     Bugatti disputes BISA's allegations, but to the extent that BISA's assertion that the offer for sale, or advertising of leather goods and accessories under the Bugatti name causes a likelihood of confusion, mistake or deception to consumers, or prospective purchasers of clocks, watches, jewelry, wines, pens, aircraft, and automobiles, then Bugatti has priority to the BUGATTI mark in any area of commerce likely to be confused with the Bugatti name, and as a result, BISA's sale, offer for sale, or advertising of goods under the BUGATTI mark or any confusingly similar derivation thereof is an infringement of Bugatti's long standing rights to the BUGATTI mark.

52.     BISA has engaged in unlawful acts that constitute trademark, service mark, and trade name infringement under Massachusetts common law.

53.    BISA is engaged in trade and commerce in the Commonwealth of Massachusetts.

54.    BISA's acts are causing irreparable injury to Bugatti, for which there is no adequate remedy at law, and will continue to do so unless BISA's use of the BISA Registrations, BUGATTI and EB BUGATTI marks is enjoined by this Court.

55.    By reason of the foregoing, Bugatti has suffered monetary damages and loss of goodwill.

56.    Upon information and belief, BISA's conduct as described above has been willful, wanton, reckless, and in total disregard for Bugatti's rights.

COUNT V
VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT

57.    Bugatti repeats and re-alleges each allegation contained in the preceding paragraphs.

58.    BISA has alleged in its Complaint that Bugatti's sale, offer for sale, or advertising of leather goods and accessories has caused a likelihood of confusion, mistake or deception to consumers, or prospective purchasers and the trade in light of BISA's U.S. Trademark Registrations 1,407,200 and 1,440,535 (the "BISA Registrations"), as registered in 1986 for clocks, watches, jewelry, wines, pens, aircraft, and automobiles.

59.    Bugatti disputes BISA's allegations, but to the extent that BISA's assertion that the offer for sale, or advertising of leather goods and accessories under the Bugatti name causes a likelihood of confusion, mistake or deception to consumers, or prospective purchasers of clocks, watches, jewelry, wines, pens, aircraft, and automobiles, then Bugatti has priority to the BUGATTI mark in any area of commerce likely to be confused with the Bugatti name, and as a result, BISA's sale, offer for sale, or advertising of goods under the BUGATTI mark via its www.bugatti-cars.de domain name or any confusingly similar derivation thereof is an

infringement of Bugatti's long standing rights to the BUGATTI mark.

60.     Bugatti repeats and re-alleges each allegation contained in the preceding paragraphs.

61.     With a bad faith intent to profit therefrom, BISA has registered and used the domain name "bugatti-cars.de" which is confusingly similar to Bugatti's distinct and famous BUGATTI mark.

62.     BISA has shown its bad faith intention to profit from Bugatti's name and goodwill through its registration of a domain name that, on information and belief, it knew was strikingly similar to the BUGATTI mark.

63.     Such conduct is in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and such violations are ongoing.

64.     Through such conduct, BISA has caused and continues to cause irreparable harm to Bugatti, its BUGATTI mark, and its goodwill and reputation, and has thereby damaged Bugatti.

## COUNT VI
### UNFAIR COMPETITION IN VIOLATION OF MASS. GEN. LAWS C. 93(A)

65.     Bugatti repeats and re-alleges each allegation contained in the preceding paragraphs.

66.     Bugatti and BISA are both engaged in trade and commerce in the Commonwealth of Massachusetts.

67.     BISA has engaged in unlawful acts that constitute unfair competition and willful unfair or deceptive acts or practices in violation of Massachusetts common law.

68.     BISA's unlawful acts have taken place substantially in the Commonwealth of Massachusetts.

69.     BISA's acts are causing irreparable injury to Bugatti, for which there is no adequate remedy at law, and will continue to do so unless BISA's use of the BUGATTI mark is enjoined by this Court.

70.     Upon information and belief, BISA's conduct as described above has been willful, wanton, reckless, and in total disregard for Bugatti's rights.

**REQUEST FOR RELIEF**

THEREFORE, Bugatti respectfully asks this Court for the following relief:

A.     Enter judgment in favor of Bugatti and against BISA on Counts I through VI.

B.     A declaration and judgment be entered providing that:

    1.     Bugatti has priority to the BUGATTI mark over VW, including BISA, in connection with the sale, offer for sale, and advertisement of leather goods and accessories;

    2.     Bugatti has priority to the BUGATTI mark over VW, including BISA, in connection with the sale, offer for sale, and advertisement of clocks, watches, jewelry, wines, pens, aircraft, and automobiles should those items be deemed confusing to the leather goods and accessories sold, offered for sale, and advertised under Bugatti's BUGATTI mark;

C.     Order that BISA, its officers, agents, employees, servants, attorneys, successors and assigns, and all those in privity and acting in concert therewith, be preliminarily and permanently enjoined from:

    1.     Using any BUGATTI mark, including without limitation the EB BUGATTI or BUGATTI marks or any other mark confusingly similar to the BUGATTI mark, in connection with the sale, offer for sale, advertising or promotion of leather goods;

    2.     Registering or attempting to register any trademark, service mark, trade name, or domain name that is confusingly similar to the BUGATTI mark, including without limitation the EB BUGATTI and BUGATTI marks.

      3.      Selling, transferring, or attempting to transfer any purported right, title, or interest in any BUGATTI-formative marks.

      4.      Otherwise infringing Bugatti's BUGATTI-formative marks.

D.      Order BISA to assign and transfer all rights in the BISA Application for the EB BUGATTI mark and any domain name and any other confusingly similar domain names to Bugatti.

E.      Order the USPTO to cancel the BISA Registrations and any other trademark registration containing a description of goods and  services confusingly similar to the goods sold, offered for sale, and/or advertised by Bugatti under the BUGATTI mark.

F.      Order BISA to pay monetary damages and any of BISA's profits to Bugatti in an amount to be determined at trial.

G.      Multiply the amount of damages awarded to Bugatti as permitted by law.

H.      Order BISA to compensate Bugatti for the costs of this action, including reasonable attorney's fees.

I.      Grant Bugatti such other, further, different, or additional relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Bugatti demands a trial by jury for all triable issues of all claims alleged by this complaint.


Dated:     Boston, Massachusetts
           August 19, 2005


                                  **THE BUGATTI, INC.,**

                                  By its attorneys,


                                  /s/David M. Magee                    .
                                  Victor H. Polk, Jr., BBO #546099
                                  David M. Magee, BBO #652399
                                  **BINGHAM McCUTCHEN LLP**
                                  150 Federal Street
                                  Boston, Massachusetts 02110
                                  Tel: (617) 951-8000

                                  *Attorneys for Plaintiff*
                                  *The Bugatti, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby affirms that he electronically filed the foregoing paper with the

Clerk of the Court using the ECF system and caused copies to be served upon the following

attorneys of record:

Susan B. Flohr                                    David A Brown
Michael D. White                                  Margaret H. Paget
BLANK ROME LLP                                    SHERIN AND LODGEN LLP
600 New Hampshire Avenue, NW                       101 Federal Street
Washington, DC 20037                              Boston, Massachusetts 02110

by United State Postal Service on the 19th day of August 2005.

Respectfully submitted,

**THE BUGATTI, INC.**

*By its attorneys,*

 /s/ David M. Magee                        .
David M. Magee, BBO #652399
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000
Fax: (617) 951-8736