# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11067 PBS

| | |
|---|---|
| VOLKSWAGEN AG,<br>VOLKSWAGEN OF AMERICA, INC.<br>and BUGATTI INTERNATIONAL, S.A.,<br><br>    Plaintiff,<br><br>v.<br><br>THE BUGATTI, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JURY TRIAL DEMANDED**

## PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIM

Now come the Plaintiffs, Volkswagen AG ("VWAG"), Volkswagen of America, Inc.

("VWoA") (VWAG and VWoA collectively "Volkswagen") and Bugatti International, S.A.

("Bugatti International"), all collectively "Plaintiffs," and reply to the Counterclaim of Defendant

The Bugatti, Inc. ("The Bugatti"), as follows:

### THE PARTIES

1.  Plaintiffs admit that, on information and belief, they have alleged that Defendant The

    Bugatti, Inc. is a Massachusetts Corporation having an address at 100 Condor Street, East

    Boston, Massachusetts 02128.

2.  Plaintiffs admit that VWAG is a corporation organized and existing under the laws of

    Germany, with a principal place of business in Wolfsburg, Federal Republic of Germany.

3.  Plaintiffs admit that VWoA is a corporation organized and existing under the laws of the

    State of New Jersey, with a principal place of business in Auburn Hills, Michigan.

4.    Plaintiffs admit that Bugatti International is a corporation organized and existing under the laws of Luxembourg, with a principal place of business in Luxembourg.

## JURISDICTION AND VENUE

5.    In response to the allegations of paragraph 5 of the Counterclaim, Plaintiffs admit that they have alleged that this Court has subject matter jurisdiction over this action. Plaintiffs deny that Defendant is entitled to any damages sufficient to invoke diversity jurisdiction under 29 USC § 1332. To the extent that diversity jurisdiction does exist, it exists due to damages to Plaintiffs caused by Defendant.

6.    In response to the allegations of paragraph 6 of the Counterclaim, Plaintiffs admit that they have alleged that this Court has jurisdiction over state law and common law claims under 28 USC § 1367. To the extent that jurisdiction is based upon any alleged damage to Defendant, Plaintiffs deny any such damage. To the extent that jurisdiction exists under 28 USC § 1367, it exists due to damages to Plaintiffs caused by Defendant.

7.    Plaintiffs deny the allegations of paragraph 7 of the Counterclaim.

8.    In response to the allegations of paragraph 8 of the Counterclaim, Plaintiffs admit that Bugatti International has submitted to the jurisdiction of this Court by bringing suit against Defendant. Plaintiffs otherwise deny the allegations of paragraph 8 of the Counterclaim.

## FACTUAL BACKGROUND

9.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Counterclaim, and therefore deny the same.

00081858.DOC / 2

10.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Counterclaim, and therefore deny the same.

11.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Counterclaim, and therefore deny the same.

12.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Counterclaim, and therefore deny the same.

13.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Counterclaim, and therefore deny the same.

14.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Counterclaim, and therefore deny the same.

15.     Plaintiffs admit that U.S. Trademark Registration No. 1,158,090 has been duly and lawfully cancelled by the U.S. Patent and Trademark Office.  Plaintiffs are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Counterclaim, and therefore deny the same.

16.     Plaintiffs admit that Defendant is aware of the cancellation of U.S. Trademark Registration No. 1,158,090 and that the subsequent Application Serial No. 76/536,905 was filed and that such application is suspended.  Plaintiffs are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Counterclaim, and therefore deny the same.

17.     Plaintiffs deny the allegations of paragraph 17 of the Counterclaim.

18.     Plaintiffs admit the allegations of paragraph 18 of the Counterclaim.

19.     Plaintiffs deny the allegations of paragraph 19 of the Counterclaim.

00081858.DOC / 2

3

20.    Plaintiffs deny the allegations of paragraph 20 of the Counterclaim.

21.    Plaintiffs deny the allegations of paragraph 21 of the Counterclaim.

22.    Plaintiffs deny the allegations of paragraph 22 of the Counterclaim.

23.    Plaintiffs deny the allegations of paragraph 23 of the Counterclaim.

24.    Plaintiffs deny the allegations of paragraph 24 of the Counterclaim.

25.    Plaintiffs deny the allegations of paragraph 25 of the Counterclaim.

26.    Plaintiffs deny the allegations of paragraph 26 of the Counterclaim.

27.    Plaintiffs deny the allegations of paragraph 27 of the Counterclaim.

28.    Plaintiffs deny the allegations of paragraph 28 of the Counterclaim.

29.    Plaintiffs deny the allegations of paragraph 29 of the Counterclaim.

## COUNT I

### DECLARATORY JUDGMENT OF PRIORITY
### OF TRADEMARK UNDER SECTION 33 OF THE LANHAM ACT

30.    Plaintiffs repeat, reallege and incorporate herein each averment contained in the

preceding paragraphs.

31.    Plaintiffs admit the allegations of paragraph 31 of the Counterclaim.

32.    Plaintiffs deny the allegations of paragraph 32 of the Counterclaim.

33.    Plaintiffs deny the allegations of paragraph 33 of the Counterclaim.

34.    In response to the allegations of paragraph 34 of the Counterclaim, Plaintiffs admit that

an actual and justiciable controversy exists based upon the Complaint filed by Plaintiffs.

To the extent that Defendant relies upon any alleged damage to Defendant as the basis for

the existence of an actual and justiciable controversy, Plaintiffs deny the allegations contained in paragraph 34 of the Counterclaim.

## COUNT II

### DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION UNDER SECTION 33 OF THE LANHAM ACT

35.    Plaintiffs repeat, reallege and incorporate herein each averment contained in the preceding paragraphs.

36.    To the extent that this allegation quotes, paraphrases or characterizes Plaintiffs' pleadings, the pleadings speak for themselves.  Plaintiffs deny each and every other allegation contained in paragraph 36 of the Counterclaim.

37.    Plaintiffs deny the allegations of paragraph 37 of the Counterclaim.

38.    Plaintiffs deny the allegations of paragraph 38 of the Counterclaim.

39.    In response to the allegations of paragraph 39 of the Counterclaim, Plaintiffs admit that an actual and justiciable controversy exists as set forth in the Complaint filed by Plaintiffs.  Plaintiffs otherwise deny the remaining allegations contained in paragraph 39 of the Counterclaim.

## COUNT III

### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER ¶43 OF THE LANHAM ACT

40.    Plaintiffs repeat, reallege and incorporate herein each averment contained in the preceding paragraphs.

00081858.DOC / 2

41.   To the extent that this allegation quotes, paraphrases or characterizes Plaintiffs'

pleadings, the pleadings speak for themselves.  Plaintiffs deny each and every other

allegation contained in paragraph 41 of the Counterclaim.

42.   Plaintiffs deny the allegations of paragraph 42 of the Counterclaim.

43.   Plaintiffs deny the allegations of paragraph 43 of the Counterclaim.

44.   Plaintiffs deny the allegations of paragraph 44 of the Counterclaim.

45.   Plaintiffs deny the allegations of paragraph 45 of the Counterclaim.

46.   Plaintiffs deny the allegations of paragraph 46 of the Counterclaim.

47.   Plaintiffs deny the allegations of paragraph 47 of the Counterclaim.

48.   Plaintiffs deny the allegations of paragraph 48 of the Counterclaim.

## COUNT IV

### TRADEMARK AND TRADE NAME INFRINGEMENT
### UNDER MASSACHUSETTS COMMON LAW

49.   Plaintiffs repeat, reallege and incorporate herein each averment contained in the

preceding paragraphs.

50.   To the extent that this allegation quotes, paraphrases or characterizes Plaintiffs'

pleadings, the pleadings speak for themselves.  Plaintiffs deny each and every other

allegation contained in paragraph 50 of the Counterclaim.

51.   Plaintiffs deny the allegations of paragraph 51 of the Counterclaim.

52.   Plaintiffs deny the allegations of paragraph 52 of the Counterclaim.

53.   Plaintiffs deny the allegations of paragraph 53 of the Counterclaim.

54.   Plaintiffs deny the allegations of paragraph 54 of the Counterclaim.

00081858.DOC / 2

55.    Plaintiffs deny the allegations of paragraph 55 of the Counterclaim.

56.    Plaintiffs deny the allegations of paragraph 56 of the Counterclaim.

## COUNT V

## VIOLATION OF ANTICYBERSQUATTING
## CONSUMER PROTECTION ACT

57.    Plaintiffs repeat, reallege and incorporate herein each averment contained in the

preceding paragraphs.

58.    To the extent that this allegation quotes, paraphrases or characterizes Plaintiffs'

pleadings, the pleadings speak for themselves. Plaintiffs deny each and every other

allegation contained in paragraph 58 of the Counterclaim.

59.    Plaintiffs deny the allegations of paragraph 59 of the Counterclaim. Plaintiffs deny that

paragraph 59 states a claim for which relief can be granted.

60.    Plaintiffs repeat, reallege and incorporate herein each averment contained in the

preceding paragraphs.

61.    Plaintiffs deny the allegations of paragraph 61 of the Counterclaim.

62.    Plaintiffs deny the allegations of paragraph 62 of the Counterclaim.

63.    Plaintiffs deny the allegations of paragraph 63 of the Counterclaim.

64.    Plaintiffs deny the allegations of paragraph 64 of the Counterclaim.

## COUNT VI

## UNFAIR COMPETITION IN VIOLATION
## OF MASS. GEN. LAW C.93(A)

65.    Plaintiffs repeat, reallege and incorporate herein each averment contained in the

preceding paragraphs.

00081858.DOC / 2

66.    Plaintiffs deny the allegations of paragraph 66 of the Counterclaim.

67.    Plaintiffs deny the allegations of paragraph 67 of the Counterclaim.

68.    Plaintiffs deny the allegations of paragraph 68 of the Counterclaim.

69.    Plaintiffs deny the allegations of paragraph 69 of the Counterclaim.

70.    Plaintiffs deny the allegations of paragraph 70 of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

Defendant has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred by equitable principles including the doctrines of laches, acquiescence and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Bugatti International has priority to the Red Oval Logo bearing the word BUGATTI in relation to its business as the mark was in use in interstate commerce by Bugatti International prior to Defendant's use of the Red Oval Logo.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has lost its rights to assert its BUGATTI mark as a consequence of abandonment.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Bugatti, Inc. has engaged in conduct which constitutes unclean hands.  As a consequence, Defendant is precluded from registering the mark BUGATTI in any form in the U.S. Patent and Trademark Office and is otherwise not entitled to the relief it seeks.  Defendant has deliberately and willfully misrepresented that it has a U.S. Trademark Registration for the

mark BUGATTI when it was fully aware that it has no such registration and that its application

to register the mark BUGATTI is suspended.  Despite this knowledge and awareness, Defendant

has used the ® designation with the word BUGATTI and with a Red Oval Logo bearing the word

BUGATTI.  Defendant has operated a website in which it has deliberately and actively

encouraged and induced its distributors to copy and paste images, including the Red Oval Logo

bearing the word BUGATTI, such Red Oval Logo falsely marked with the ® designation, as well

as pictures of leather goods bearing the VW Marks.  Defendant is in the business of appropriating

to itself the famous marks of others, including the Red Oval Logo bearing the word BUGATTI

used by Bugatti International for luxury automobiles, the VW marks used by Volkswagen, and

the marks of third parties such as JAGUAR, HONDA, CHEVY TRUCKS, MICROSOFT

COMPAQ, JOHN HANCOCK, COLUMBIA, CONTINENTAL AIRLINES, McDONNELL

DOUGLAS, KINGSFORD, ORACLE, ZEROX, TNT, GRACE, AT&T, as well as others.

Defendant's misappropriation of famous third party marks is carried out in conjunction with its

misappropriation of the VW Marks and the Red Oval Logo.  Defendant has falsely

misrepresented an association with the VEYRON Super Car when no such association exists or

has been authorized.  The totality of Defendant's conduct in is misrepresentations and

misappropriations reflects that Defendant does not respect the unfair competition laws, trademark

laws nor the trademark rights of others.  As such, Defendant is guilty of unclean hands and

should be precluded from availing itself of the protection of the same laws that it has willfully,

knowingly and deliberately breached.

## DEFENDANT'S REQUESTS FOR RELIEF

Defendant's Requests for Relief should be denied in their entirety.

Respectfully submitted,

Attorneys for VOLKSWAGEN AG,
VOLKSWAGEN OF AMERICA, INC. and
BUGATTI INTERNATIONAL, S.A.

BY: _____

David A. Brown, BBO # 556161
Margaret H. Paget, BBO# 5675679
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 646-2000

Of Counsel:

Susan B. Flohr
Michael D. White
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, DC 20037
Telephone:    (202) 772-5800
Facsimile:    (202) 772-5858

September 8, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail (by hand) on _____ 9/8/05 .

00081858.DOC / 2

10