UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLKSWAGEN AG,<br>VOLKSWAGEN OF AMERICA, INC. and<br>BUGATTI INTERNATIONAL, S.A.<br><br>        Plaintiffs,<br><br>      v.<br><br>THE BUGATTI , INC.,<br><br>        Defendant. | CIVIL ACTION NO. 05-11067-PBS |

## JOINT MOTION FOR ENDORSEMENT OF STIPULATED PROTECTIVE ORDER

The parties jointly request that the Court endorse the proposed Stipulated Protective

Order attached as Exhibit A.

AGREED AND STIPULATED TO BY:

VOLKSWAGEN AG, VOLKSWAGEN OF
AMERICA, INC. and BUGATTI
INTERNATIONAL, S.A.,
*Plaintiffs*

By their attorneys,


David A. Brown (BBO# 556161)
Margaret H. Paget (BBO# 567679)
**SHERIN AND LODGEN LLP**
101 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 646-2000

THE BUGATTI, INC.
*Defendant*

By its attorneys,


H. Joseph Hameline (BBO# 218710)
Geri L. Haight (BBO# 638185)
Philip J. Catanzano (BBO# 654873)
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000

*Of Counsel:*
Susan B. Flohr, Esq.
Michael D. White, Esq.
**BLANK ROME LLP**
600 New Hampshire Ave, NW
Washington, DC 20037
Telephone: (202) 772-5870
Facsimile: (202) 572-1407

Date: November **2**, 2005

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11067-PBS

VOLKSWAGEN AG, )
VOLKSWAGEN OF AMERICA, INC. )
and BUGATTI INTERNATIONAL, S.A., )
)
           Plaintiffs, )
v. )
)
THE BUGATTI, INC., )
)
           Defendant. )
)

## STIPULATED PROTECTIVE ORDER

AND NOW, this ___ day of _____, 2005, upon stipulation and agreement of plaintiffs and defendant, the following is hereby ORDERED and DECREED with regard to the production and protection of confidential and proprietary information of plaintiffs Volkswagen AG ("VWAG"), Volkswagen of America, Inc. ("VWoA"), and Bugatti International , S.A. ("Bugatti International") and the defendant The Bugatti, Inc. ("The Bugatti"), in the form of documents containing trade secrets or other confidential research, development, testing or commercial business information disclosed by VWAG, VWoA, Bugatti International and The Bugatti in discovery proceeding in this case:

1.      All Confidential Information obtained through the disclosure outlined above shall be used only for the prosecution or defense of this action and is being produced and disclosed in reliance upon the terms and conditions of this Order. Such Confidential Information will not be used for any other purpose. As such, no Confidential Information may be disclosed to any person or organization, except as provided herein.

2.      In connection with the discovery authorized by this Order, any party may, by written notice, or by a statement on the record at a deposition, designate any document, material or information as "Confidential" under the terms of this Order.  The terms of this Order also shall apply to any non-party who provides testimony, documents or information in such discovery proceedings and who agrees to be bound by the terms of this Order.  References to a "party" or "parties" herein shall also include such non-parties.

3.      As used herein, "document" and "information" are intended in an all-encompassing sense to include the entire subject matter of potential discovery.  The term "document" shall mean, without limitation, the original, regardless of origin or location, of any discoverable correspondence, memorandum, report, record, letter, email, summary, working paper, computer printout, computer tape, computer disk, computer diskette, all retrievable information in computer storage, data processing card or disc, pamphlet, periodical, diary, telegram, cable, study, stenographic or handwritten note, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice or video recording, tape or microfilm or any other written, recorded, transcribed, punched, taped, electromechanical, filmed or graphic matter, however produced or reproduced and copies or reproductions of any of the above that replicate, or differ in any respect from, the original, including copies containing marginal notations or other variation, and all other records or writings, however produced or reproduced, and shall also include, but not be limited to, interrogatory questions and answers and exhibits thereto, requests to admit or admissions, demands for the production of documents and responses thereto, and any other documents produced or served by any party in this action, whether pursuant to any rule, subpoena or by agreement, deposition transcripts produced in connection with this action and any exhibits thereto, any other physical object or things, as may

2

be appropriate for the implementation of the purposes of this order, and any papers, including court papers, which quote from, summarize or refer to any of the foregoing.

4.    Attorneys-Eyes-Only Designation:  Any party producing information (whether by document, by deposition testimony, by interrogatory answer, or otherwise) in the course of discovery herein which relates to non-public competitive business information, forecasts, projections, business plans, asset valuations, proposed transactions, potential investors, or similarly highly confidential and sensitive commercial, financial, or business matters, may designate such information as for "Attorneys Eyes Only," provided that the producing party can establish that the potential harm incurred from disclosure of such information to the receiving party (rather than merely to the receiving party's attorneys and experts) outweighs the potential need of the receiving party (rather than merely the receiving party's attorneys and experts) to review such information, and thereby subject to the provisions of this order any document or other information produced by either party, or any agent or representative of either party, including the contents and substance thereof, and all copies of the document or information.

5.    All documents for which confidential status is claimed under this order shall be stamped "Confidential" and/or "Attorneys Eyes Only" on each page of each such document, or in the case of computer disks or diskettes on the face of the computer disk or diskette, except that transcripts of depositions or other Actions may be so designated on the front page of each such document.   Notwithstanding the provisions of paragraph 5, any party may designate as "Confidential" or "Attorneys Eyes Only" any portion of any document or deposition transcript by clearly identifying the portion of such document or deposition transcript so designated in the margin of the document or deposition transcript.

6.    A.    If a party inadvertently produces a document containing confidential information without marking or labeling it as such, or inadvertently discloses other information without designating it confidential, the information shall not lose its protected status through such production or disclosure and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party identifying the document or information in question and of the corrected confidential designation for the document or information.

B.    Inadvertent production of documents or information subject to the attorney-client privilege or work product immunity shall not constitute a waiver of such privilege.  After receiving notice from the producing party that such documents or information have been inadvertently produced, the receiving party shall not review, copy, or disseminate such documents or information.  The receiving party shall return such documents or information to the producing party immediately.

7.    In the event counsel for the party receiving documents, material, or information designated as "Confidential" or "Attorneys Eyes Only" objects to such designation of any or all of such items, which objection shall be made at any time following receipt of such documents absent agreement by the parties, said counsel shall advise the party producing the item(s) (the "producing party") of such objection and the reasons therefore.  Counsel for the producing party shall have ten (10) days from receipt of such objection to cure it prior to any application to the Court for resolution of the issues.  If the producing party maintains that the items are confidential after receipt of the notice of objection, all items shall be treated as "Confidential" or "Attorneys Eyes Only" as originally designated, pending a resolution of the parties' dispute.  It shall be the obligation of the party receiving the item(s) (the "receiving party") designated as "Confidential"

or "Attorneys Eyes Only" to obtain a prompt hearing before the Court on the propriety of the designation. In the event that the receiving party seeks such a hearing, the producing party will cooperate in obtaining a prompt hearing with respect thereto.

8.     If any party wishes to use or inquire at any deposition concerning documents, material or information designated as "Confidential" or "Attorneys Eyes Only" the portion of the deposition transcript relating to such documents, material or information shall be designated by the witness giving the testimony, or by any party to the deposition, and treated as "Confidential" or "Attorneys Eyes Only" and subject to the confidentiality provisions hereof. Such designation shall be made no later than thirty (30) days after receipt of the deposition transcript.

9.     Documents, information or material (including portions of deposition transcripts) designated as "Confidential" or "Attorneys Eyes Only" or information derived therefrom, may only be disclosed or made available by the party receiving such information to "Qualified Persons," who, in the case of documents, material or information designated as "Confidential" are defined to consist solely of:

        (a)     The Court (at any trial, appeal or oral hearing and in the manner provided by paragraph 9 hereof) and its authorized personnel;

        (b)     Counsel to the named parties to this action and the paralegal, clerical and secretarial staff employed by such counsel;

        (c)     The parties to this named action;

        (d)     Court reporters;

        (e)     Experts and/or advisors for the named parties or their counsel, in connection with this action, whether or not retained to testify at trial. Counsel for the party making the disclosure to any expert and/or advisor shall deliver a copy of this Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert

5

> and/or advisor on the attached "Limited Special Appearance
> and Agreement For Access to Confidential Information" (the
> "Special Appearance"). It shall be the obligation of counsel,
> upon learning of any breach or threatened breach of this Order
> by any expert and/or advisor, promptly to notify opposing
> counsel of such breach or threatened breach.

10.    Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained through discovery proceedings between the parties in this action which have also been obtained lawfully by a party or witness from an independent source.

11.    If documents, information or material (including portions of deposition transcripts) designated as "Confidential" or "Attorneys Eyes Only" information derived therefrom, are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential - - Filed Under Seal" and filed under seal and kept under seal until further Order of the Court.

12.    All persons given access to documents, material or information designated "Confidential" or "Attorneys Eyes Only" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof.

13.    Complying with the terms of this Order shall not (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular documents, item of material, or piece of information should be subject to the terms of this Order; or (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular documents, item of material, or piece of information.

14.    Upon request of a party and within thirty (30) days of the termination of this action, including all appeals, all Confidential Information and all copies thereof shall be returned to counsel for the party (except that counsel for each party may maintain in their files pleadings, briefs and other documents filed with the Court and depositions, transcripts and exhibits, provided that all such documents otherwise remain subject to the terms of this Order).

15.    Nothing in this Order shall be construed to prohibit a party from producing documents, material or information designated as "Confidential" or "Attorneys Eyes Only" in its possession pursuant to a subpoena or other legal process provided that, the party in possession of such documents, materials or information, if subpoenaed, shall give notice of such subpoena to the original producing party as soon as possible and, in any event within five (5) days after receiving such subpoena.  The subpoenaed party shall not produce any of the producing party's Confidential Information for a period of at least ten (10) days after providing the required notice to the producing party unless required to do so by the court issuing the subpoena.  If, within five (5) days of receiving such notice, the producing party opposes production of its Confidential Information pursuant to the subpoena, the subpoenaed party shall reasonably cooperate with the producing party in seeking to quash such subpoena and shall not thereafter produce such Confidential Information pursuant to the subpoena except pursuant to a court order requiring compliance with the subpoena.

16.    This Order shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

17.    The terms and conditions of this Order shall be governed by the laws of the State of Massachusetts.  Any action to enforce this Order shall be brought in the United States District Court for the District of Massachusetts.

**SO ORDERED**, this _____ day of _____ 2005.

_____
U.S.D.J.

00089165.DOC /

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11067-PBS

| | |
|---|---|
| VOLKSWAGEN AG,<br>VOLKSWAGEN OF AMERICA, INC.<br>and BUGATTI INTERNATIONAL, S.A., | )<br>)<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BUGATTI, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## LIMITED SPECIAL APPEARANCE AND AGREEMENT
## FOR ACCESS TO CONFIDENTIAL INFORMATION

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order (the "Order") in the above-captioned matter on the ____ day of _____, 200 . I understand the terms of the Order and consent to be bound by the Order as a condition to being provided access to confidential documents and information furnished by VWAG, VWoA, Bugatti International or The Bugatti.

By executing this document, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Order.

I recognize that all civil remedies for violation of this document and of the Order are specifically reserved by the parties and are not waived by the disclosure provided for herein. Further, in the event of any violation of this document and/or of the Order, I recognize that any party to this action may pursue all civil remedies available to each, individually, jointly, or severally.

00089165.DOC /

I hereby declare under the laws of the United States of America and of the Commonwealth of Massachusetts that the above statements are true and correct.

Dated: _____

_____
(signature)

_____
(name)

_____
(title)

_____
(affiliation)

_____

_____
(address)