## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN OF AMERICA, INC. AND BUGATTI INTERNATIONAL, S.A. )<br><br>Plaintiffs and Counterclaim Defendants, )<br><br>v. )<br><br>THE BUGATTI, INC. )<br><br>Defendant and Counterclaim Plaintiff ) | Civil Action No. 05-11067-PBS |

### PLAINTIFFS' REQUEST FOR CLARIFICATION OF THE JOINT STATEMENT AND PROPOSED SCHEDULING ORDER AND, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO ADD PARTIES

### Introduction

Plaintiffs Volkswagen AG, Volkswagen of America, Inc., and Bugatti International, S.A. ("Plaintiffs") hereby seek clarification from the Court of the Joint Statement and Proposed Scheduling Order entered in this case on September 12, 2005 and, in the alternative, Plaintiffs seek leave of the Court to extend the time to add additional parties for the reasons set forth below. Plaintiffs certify that they have conferred with Defendant The Bugatti, Inc. ("Defendant") in accordance with Local Rule 7.1(a)(2) and that the parties were not able to reach a mutual agreement with respect to either clarification of the Scheduling Order or with respect to any request for extension of time to add additional parties.

## <u>Clarification of Scheduling Order dated September 12, 2005</u>

On September 1, 2005, Plaintiffs and Defendant filed a Joint Statement and Proposed Scheduling Order. *See* Affidavit of Susan Flohr ("Flohr Affidavit") dated December 30, 2005, Ex. 1. One of the proposed items listed in the Joint Statement and Proposed Scheduling Order was a deadline for adding additional parties by December 30, 2005. The parties appeared before the Court on September 12, 2005 for a Scheduling Conference. Following this conference, the Court issued a Scheduling Order on September 12, 2005. *See* Flohr Affidavit, Ex. 2. The Scheduling Order is silent as to a deadline to add additional parties. To the best of Plaintiffs' knowledge, the subject of adding additional parties was not discussed at the conference before the Court. *See* Flohr Affidavit, ¶5.

Due to a number of discovery disputes (which will be set forth in more detail below), counsel for Plaintiffs wrote to counsel for Defendant on December 20, 2005 confirming that it was Plaintiffs' position that there was <u>no</u> deadline to add additional parties as the Court did not adopt the deadline that was in the Joint Statement and Proposed Scheduling Order. *See* Flohr Affidavit, Ex. 3. Counsel for Defendant, who had been substituted as counsel on or about October 18, 2005 (after the scheduling conference which took place on September 12, 2005), has taken the position that the proposed date of December 30, 2005 to add additional parties was an agreement between the parties and that it was controlling with respect to any such deadline. *See* Flohr Affidavit, Ex. 4 (e-mail dated December 22, 2005 from Geri Haight to Susan Flohr). This communication supports in fact Plaintiffs' position that the subject of adding additional parties was not addressed at the Scheduling Conference.

116333.00124/35706452v.1

In an effort to confer with opposing counsel, counsel for the Plaintiffs sent a letter dated December 23, 2005 to counsel for Defendant noting that regardless of whether there was any agreement with respect to the date to add additional parties, Defendant by its conduct with respect to discovery has made it impossible for Plaintiffs to identify additional parties or to determine whether or not to add additional parties at this juncture. *See* Flohr Affidavit, Ex. 5.

It is Plaintiffs' position that the Joint Statement and Proposed Scheduling Order is <u>not</u> binding on the parties with respect to the date of adding new parties. It is clear from this Court's Notice of Scheduling Conference dated July 28, 2005 that the Joint Statement and Proposed Scheduling Order is not binding. *See* Flohr Affidavit, Ex. 6. The Notice of Scheduling Conference specifically states in its concluding sentence:

> "The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as *advisory* only."

*Id.* (emphasis added).

Counsel for Defendant's position that the Joint Statement and Proposed Scheduling Order is somehow an agreement of the parties and is binding - even though the Court did not adopt it - is unwarranted. However, in an abundance of caution, Plaintiffs respectfully seek a clarification of this point from the Court. In the event that the Court deems that either it did adopt the proposed deadline of adding additional parties by December 30, 2005, or, that the parties agreed to same, Plaintiffs request relief from that deadline for the following reasons.

## MOTION FOR EXTENSION OF TIME TO ADD ADDITIONAL PARTIES

### Procedural Background

This action concerns allegations by Plaintiffs of alleged trademark infringement by Defendant of various marks owned by the Plaintiffs. The Complaint, i.e., in ¶¶ 35-37, and 51-53, includes allegations that Defendant has instructed its distributors on its website to engage in conduct which could constitute trademark infringement, which Defendant denied in its Amended Answer. Plaintiffs also noted in their Initial Disclosures dated September 23, 2005, that there were as yet unidentified distributors of Defendant who may be added as parties to the present litigation. *See* Flohr Affidavit, Ex. 7. Discovery served on Defendant addressed these allegations and specifically sought the identity of distributors and information pertaining to other possible joint tortfeasors or contributory infringers, who may or may not be distributors. This information has not yet been provided in any meaningful manner. Should the facts to be ascertained during the course of discovery show that certain of Defendant's distributors or other third parties engaged in infringing activities, Plaintiffs would move to add such tortfeasors as additional parties.

The Complaint was filed on May 23, 2005. An Answer, Counterclaim and Jury Demand was served by Defendant on July 27, 2005, and an Amended Answer, Counterclaims and Jury Demand was served by Defendant on August 19, 2005. Plaintiffs' Reply to Defendant's Counterclaim was served September 8, 2005.

Following Initial Disclosures by both parties, and the entry of the September 12, 2005 Scheduling Order by the Court, Plaintiffs served their discovery on September 23, 2005 consisting of a First Set of Interrogatories, First Requests for Documents and First Set of Requests for Admission. This discovery included requests directed to potential third party

4

infringers. *See* Flohr Affidavit, ¶11. Responses to this discovery were due on October 24, 2005.

On September 27, 2005 counsel for Plaintiffs also requested dates for a Rule 30(b)(6) deposition

of Defendant and Plaintiffs provided a tentative list of Rule 30(b)(6) topics on October 4, 2005.

*See* Flohr Affidavit, Exhs. 8 and 9. The 30(b)(6) topics also seek information about Defendant's

distributors and other possible additional parties. Plaintiffs' counsel did not receive a response to

the Rule 30(b)(6) correspondence or to correspondence concerning a proposed Protective Order,

until October 18, 2005, when they received a letter that there was to be a change of counsel for

Defendant from the law firm of Bingham McCutchen, LLP to the law firm of Mintz Levin. *See*

Flohr Affidavit, Ex. 10. In the letter dated October 18, counsel for Defendant stated that "it will

not be possible for Bugatti to provide any meaningful responses to VW's discovery requests" and

referred counsel for Plaintiffs to the new counsel for Defendant. *Id.* Following discussion with

the new counsel for Defendant, Plaintiffs agreed to an extension for Defendant to respond to

Plaintiffs' discovery requests from October 24, 2005 until November 17, 2005. *See* Flohr

Affidavit, Ex. 11.

   On October 20, 2005, Plaintiffs served a Notice of 30(b)(6) Deposition of Defendant

which specified November 30, 2005 as the date for the deposition. *See* Flohr Affidavit, Ex. 12.

Defendant objected to this deposition in a letter dated November 16, 2005. *See* Flohr Affidavit,

Ex. 13. On November 17, 2005, Defendant finally provided responses to Plaintiffs' discovery

requests. However, while four boxes of documents were produced at that time, over 50

additional boxes were designated as being available for inspection at a mutually convenient date.

Given the large volume of documents to be reviewed, Plaintiffs suggested that the November 30,

2005 date for the 30(b)(6) deposition be postponed, and, on November 21, 2005, Plaintiffs

addressed Defendant's objections to the Rule 30(b)(6) topics. *See* Flohr Affidavit, Ex.14. The

5

over 50 boxes of documents were finally made available for inspection on December 12-13,
2005. None of the documents tagged for copying and producing have yet been received by
Plaintiffs. Moreover, there has been no response to Plaintiffs' November 21, 2005 letter
regarding the 30(b)(6) deposition. Further, there are numerous deficiencies in Defendant's
written responses to discovery. *See* Flohr Affidavit, Ex. 15, letter dated December 29, 2005.[1]

## Argument

### An Extension of Time to Add Parties Should be Granted

Local Rule 15.1(a) applying to addition of new parties specifically states that
"amendments adding parties shall be sought as soon as an attorney reasonably can be expected to
have become aware of the identity of the proposed new party." Plaintiffs here have not yet been
provided sufficient information in response to their numerous and timely discovery requests that
would allow them to identify any potential additional parties. As Plaintiffs have not been
provided information to identify potential new parties, it is reasonable for the Court to extend the
time in which additional parties may be added.

Federal Rule of Civil Procedure 15(a) permits parties to seek leave to amend pleadings,
including adding additional parties, and that such leave "shall be freely given when justice so
requires." *See Cabana v. Forcier,* 200 F.R.D. 9, 10-11 (D. Mass. 2001). Although, Plaintiffs
are not moving at this time to add additional parties because of the lack of sufficient discovery to
properly identify said possible additional parties, Federal Rule of Civil Procedure 15(a) is
instructive. Courts should allow leave to amend pleadings "unless the movant is guilty of undue
delay or bad faith, or if permission to amend would unduly prejudice the opposing party." *Id.*,
citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is clear that Plaintiffs here are seeking this
extension in a timely manner and there has been neither undue delay in trying to discover

---

[1] As appropriate, if these deficiencies remain unresolved, the requisite motion to compel will be filed.

6

additional parties, nor has there been bad faith. Also, Defendant would not be unduly prejudiced by extending this deadline. The allegations in the Complaint as well as Plaintiffs' Initial Disclosures have provided Defendant with clear and timely notice of the possibility that Plaintiffs might add additional parties. The plaintiff in *Cabana* sought leave to amend its complaint to add an additional party as well as to add additional allegations. *Cabana*, 200 F.R.D. 9. The motion to amend the complaint was filed after the responsive pleadings had been filed and discovery had been conducted. The Court in *Cabana* found no undue delay for adding an additional party and that so amending the complaint would not unduly prejudice the defendant. *Id.*

In this case, it has only been seven months since the Complaint was filed. Due to the change of counsel of Defendant, extensions sought by Defendant to respond to discovery, the inadequacies of the discovery responses provided by Defendant, and Defendant's failure to produce a Rule 30(b)(6) witness, it is impossible for Plaintiffs to meet the December 30, 2005 deadline - if there even is one. Should the Court find that there was a deadline to add additional parties, it is reasonable for Plaintiffs to seek an extension of time to add additional parties,

**Conclusion**

Therefore, Plaintiffs respectfully request that the Court clarify the meaning of the Joint Statement and Proposed Scheduling Order as to whether there is a binding deadline of December 30, 2005 to add parties, and, if the Court finds that there was a such an agreement that is binding, Plaintiffs respectfully request that this deadline be extended to permit the parties to pursue requisite information through the normal discovery channels.

7

Respectfully submitted,

VOLKSWAGEN AG, VOLKSWAGEN OF
AMERICA, INC. AND BUGATTI
INTERNATIONAL, S.A.

By its attorneys,


*Margaret H. Paget (VEK)*
David A. Brown (BBO#556161)
Margaret H. Paget (BBO#567679)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110

and

*Susan B. Flohr*
Susan B. Flohr, Esq.
Michael D. White, Esq.
BLANK ROME LLP
600 New Hampshire Ave., NW
Washington, DC  20037

Dated: December 30, 2005

8

## Local Rule 7.1(a)(2) Certification

I, Susan B. Flohr, hereby certify that I conferred, to no avail, with counsel for Defendant in a good faith attempt to narrow or resolve the matters that are the subject of Plaintiffs' Request for Clarification of the Joint Statement and Proposed Scheduling Order and, in the Alternative, Motion for Extension of Time to Add Parties.

DATED: December 30, 2005

Susan Flohr

116333.00124/35706452v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2005 I served upon the below-named counsel the foregoing Plaintiffs' Request for Clarification of the Joint Statement and Proposed Scheduling Order and, in the Alternative, Motion for Extension of Time to Add Parties was served via pre-paid first class U.S. mail:

H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO# 638185
Philip J. Catanzano, BBO #654873
MINTZ, LEVIN, COHEN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Katy E Koshi

Katy Koski

10