# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN OF AMERICA, INC. AND BUGATTI INTERNATIONAL, S.A. )<br><br>Plaintiffs and Counterclaim Defendants, )<br><br>v. )<br><br>THE BUGATTI, INC. )<br><br>Defendant and Counterclaim Plaintiff ) | Civil Action No. 05-11067-PBS |

## AFFIDAVIT OF SUSAN B. FLOHR

I, Susan B. Flohr, of full age, hereby declare as follows:

1.     I am a partner in Blank Rome LLP. My business address is 600 New Hampshire Avenue, NW, Washington, DC 20037.

2.     I am counsel of record for Plaintiffs Volkswagen AG, Volkswagen of America, Inc., and Bugatti International, S.A. ("Plaintiffs") in the above-captioned action. I make this Affidavit in support of Plaintiffs' Request for Clarification of the Joint Statement and Proposed Scheduling Order and, in the Alternative, Motion for Extension of Time to Add Parties.

3.     I have attached, as Exhibit 1 hereto, a true and correct copy of the Joint Statement and Proposed Scheduling Order dated September 1, 2005.

4.     I have attached, as Exhibit 2 hereto, a true and correct copy of the Scheduling Order, dated September 12, 2005.

5.     To the best of my knowledge, the subject of adding additional parties was not discussed at the Scheduling Conference held before the Court on September 12, 2005.

6.     I have attached, as Exhibit 3 hereto, a true and correct copy of the letter from Susan B. Flohr to Geri L. Haight, dated December 20, 2005.

7.     I have attached, as Exhibit 4 hereto, a true and correct copy of the e-mail from Geri L. Haight to Susan B. Flohr, dated December 22, 2005.

8.     I have attached, as Exhibit 5 hereto, a true and correct copy of the letter from Susan B. Flohr to Geri L. Haight, dated December 23, 2005.

9.     I have attached, as Exhibit 6 hereto, a true and correct copy of the Notice of Scheduling Conference, dated July 28, 2005.

10.     I have attached, as Exhibit 7 hereto, a true and correct copy of Plaintiffs' Initial Disclosures, dated September 23, 2005.

11.     Plaintiffs' First Set of Interrogatories, First Requests for Documents, and First Set of Requests for Admission were served on Defendant on or about September 23, 2005.  This discovery included requests directed to potential third party infringers.

12.     I have attached, as Exhibit 8 hereto, a true and correct copy of the letter from Michael D. White to Victor H. Polk and David M. Magee, dated September 27, 2005.

13.     I have attached, as Exhibit 9 hereto, a true and correct copy of the letter from Michael D. White to Victor H. Polk and David M. Magee and enclosure, dated October 4, 2005.

14.     I have attached, as Exhibit 10 hereto, a true and correct copy of the letter from David M. Magee to Michael D. White, dated October 18, 2005.

15.     I have attached, as Exhibit 11 hereto, a true and correct copy of the letter from Michael D. White to Geri L. Haight, dated October 20, 2005.

16.    I have attached, as Exhibit 12 hereto, a true and correct copy of the Notice of Rule

30(b)(6) Deposition of Defendant The Bugatti, Inc., dated October 20, 2005.

17.    I have attached, as Exhibit 13 hereto, a true and correct copy of the letter from

Geri L. Haight to Margaret H. Paget, dated November 16, 2005.

18.    I have attached, as Exhibit 14 hereto, a true and correct copy of the letter from

Susan B. Flohr to Geri L. Haight, dated November 21, 2005.

19.    I have attached, as Exhibit 15 hereto, a true and correct copy of the letter from

Susan B. Flohr to Geri L. Haight, dated December 29, 2005.

Executed on December 30, 2005

_____

SUSAN B. FLOHR

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11067-PBS

| | |
|---|---|
| VOLKSWAGEN AG, | ) |
| VOLKSWAGEN OF AMERICA, INC. | ) |
| and BUGATTI INTERNATIONAL, S.A., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BUGATTI, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT STATEMENT AND PROPOSED SCHEDULING ORDER

Plaintiffs Volkswagen AG, Volkswagen of America, Inc. and Bugatti International, S.A.

("Plaintiffs") and Defendant The Bugatti, Inc. ("Defendant") respectfully submit this Joint

Statement and Proposed Scheduling Order pursuant to Local Rule 16.1(D).

## I.    PROPOSED SCHEDULING ORDER

After consideration of the topics contemplated by Fed. R. Civ. P. 16(b), (c) and 26(f), the

parties propose the following schedule:

1.    Fed. R. Civ. P. 26(a)(1) initial disclosures shall be completed on or before

September 26, 2005.  Upon service of initial disclosures, a party may serve

written discovery requests pursuant to Local Rule 26.2(A).

2.    The deadline for adding parties is December 30, 2005.

3.    Fact discovery closes March 31, 2006.

00081178.DOC / 2

4.    Trial experts relating to issues on which a party bears the burden of proof to be designated with disclosure of information in accordance with Fed. R. Civ. P. 26(a)(2) by May 1, 2006.

5.    Rebuttal trial experts to be designated with disclosure of information in accordance with Fed. R. Civ. P. 26(a)(2) by June 1, 2006.

6.    Reply expert reports served by June 15, 2006.

7.    All expert witness depositions to be completed by July 31, 2006.

8.    Dispositive Motions shall be filed on or before September 15, 2006.

9.    Opposition to Dispositive Motions shall be filed on or before October 16, 2006.

10.    Replies to Oppositions to Dispositive Motions shall be filed on or before October 30, 2006.

11.    The parties request that the final pre-trial conference be scheduled in December 2006, at the convenience of the Court.

12.    Trial to be scheduled at the convenience of the Court.

## II.    PROPOSED ALTERATIONS TO DISCOVERY EVENT LIMITATIONS

1.    Plaintiffs propose that the number of depositions be limited to ten (10) depositions, as set forth in Local Rule 26.1(C).  Defendant proposes that the number of depositions be limited to five (5) depositions.  Plaintiffs oppose this alteration of the limits set forth in Local Rule 26.1(C).

2.    Plaintiffs propose that Requests for Admission directed to the authenticity of documents not be counted against the limit of twenty-five (25) Requests for Admission set forth in Local Rule 26.1(C).  Defendant opposes this proposal.

2

3.    Plaintiffs propose that depositions upon written questions pursuant to Fed. R. Civ.

P. 31 directed to third parties such as Defendant's distributors not be counted against the limit of

ten (10) depositions set forth in Local Rule 26.1(C). Defendant opposes this proposal.

## III.    LOCAL RULE 16.1(D)(3) CERTIFICATION

Certifications of compliance with Local Rule 16.1(D)(3) are attached to this Joint

Statement, or shall be filed with the Court at or before the scheduling conference.


Respectfully submitted,


VOLKSWAGEN AG, VOLKSWAGEN OF                    THE BUGATTI, INC.
AMERICA, INC. and BUGATTI                       *Defendant*
INTERNATIONAL, S.A.,
*Plaintiffs*

By their attorneys,                             By its attorneys,


David A. Brown (BBO# 556161)                    Victor H. Polk, Jr. (BBO# 546099)
Margaret H. Paget (BBO# 567679)                 David Magee (BBO# 652399)
**SHERIN AND LODGEN LLP**                       **BINGHAM MCCUTCHEN LLP**
101 Federal Street                              150 Federal Street
Boston, Massachusetts 02110                     Boston, Massachusetts 02110
Telephone: (617) 646-2000                       Telephone: (617) 951-8000


*Of Counsel:*
Susan B. Flohr, Esq.
Michael D. White, Esq.
**BLANK ROME LLP**
600 New Hampshire Ave, NW
Washington, DC 20037
Telephone: (202) 772-5870
Facsimile: (202) 572-1407


Dated: September 1, 2005

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Volkswagen AG, et al
Plaintiff,

V.

The Bugatti, Inc.
Defendant.

Civil Action Number
05-11067-PBS

September 12, 2005

SCHEDULING ORDER

Saris, D.J.,

Fact Discovery deadline: 3/31/06

Party with burden expert designation deadline: 5/1/06

Rebuttal expert designation deadline: 6/1/06

Reply Report deadline: 6/15/06

Depositions: 7/31/06

Summary Judgment Motion filing deadline: 9/15/06

Opposition to Summary Judgment Motions: 10/16/06

Reply: 10/30/06

Hearing on Summary Judgment or Pretrial Conference: 12/13/06 at 2:00 p.m.

By the Court,

/s/ Robert C. Alba
Deputy Clerk

EXHIBIT 3

BLANK ROME LLP
COUNSELORS AT LAW

Phone:    (202) 772-5870
Fax:      (202) 572-1407
Email:    flohr@blankrome.com

December 20, 2005

## VIA FACSIMILE; CONFIRMATION BY MAIL

Geri L. Haight, Esq.
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111

> Re:    *Volkswagen AG et al. v. The Bugatti, Inc.*
>        Clarification of Scheduling Order
>        Our Ref.: 116333-00124

Dear Geri:

In reviewing the Scheduling Order entered in this case on September 12, 2005, we note that the first deadline is the close of fact discovery on March 31, 2006. However, in the Joint Statement and Proposed Scheduling Order filed September 1, 2005, the parties had proposed December 30, 2005 as the deadline for adding parties. As the Court did not adopt this proposal (as well as other proposals in the September 1, 2005 filing), it is Plaintiffs' position that there is no deadline to add parties. If Defendant disagrees, please inform us immediately so that we can seek a clarification from the Court. Since the holidays are upon us, please provide a response by close of business December 22, 2005 so that we can prepare and file the requisite request for clarification, if necessary.

Very truly yours,

Blank Rome LLP

Susan B. Flohr

SBF:MDW:rb

cc:    D. Brown, Esq.
       M. Paget, Esq.

# EXHIBIT 4

## Savitt, Lisa J.

**From:**    Haight, Geri [GLHaight@mintz.com]
**Sent:**    Thursday, December 22, 2005 3:48 PM
**To:**    Flohr, Susan
**Subject:** Response to Letter

Susan -

In response to your letter, I have reviewed the parties' submissions and the Court's Scheduling Order. The Joint Statement and Proposed Scheduling Order clearly reflects that the parties reached an agreement that the deadline by which either party would seek to add an additional party is December 30, 2005. I have spoken with predecessor counsel to confirm that nothing to the contrary was said during the Scheduling Conference held before Judge Saris. Therefore, this agreement stands and I disagree with you position that "there is no deadline to add parties."

I am out of the office and will be traveling over the next few days, but please let me know if you would like to discuss this further.

Geri L. Haight | Attorney
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center | Boston, MA 02111
Phone: 617.348.1675 | Fax: 617.542.2241
E-mail: glhaight@mintz.com
Web: www.mintz.com

--------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

--------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# EXHIBIT 5

BLANK ROME llp
COUNSELORS AT LAW

*Phone:*    *(202) 772-5870*
*Fax:*      *(202) 572-1407*
*Email:*    *flohr@blankrome.com*

December 23, 2005

## TEXT BY EMAIL; LETTER BY FACSIMILE/MAIL

Geri L. Haight, Esq.
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111

> Re:    *Volkswagen AG et al. v. The Bugatti, Inc.*
>        Our Ref.: 116333-00124

Dear Geri:

In an effort to confer before we file additional papers with the Court, and further to our letter dated December 20, 2005 and your email dated December 22, 2005, we point out the following:

1.    The Scheduling Order entered by the Court is silent as to the deadline for adding parties.

2.    The Joint Statement and Proposed Scheduling Order states

      ". . . the parties propose the following schedule:
      ***
      2. The deadline for adding parties is December 30, 2005."

3.    The proposed scheduling order does not itself constitute, nor does it reference, a separate agreement.

4     Moreover, regardless of whether there was an agreement, Defendant by its conduct has interfered with Plaintiffs' ability to identify and determine whether or not additional parties should be added to the lawsuit. Plaintiffs served discovery on September 23, 2005, which if timely and appropriately answered would have permitted Plaintiffs the opportunity to identify and depose, and to subpoena documents from, Defendant's distributors.



Geri L. Haight, Esq.
December 23, 2005
Page 2

Not only did the vast majority of Defendant's responses to interrogatories invoke FRCP 33(d), but no documents were provided until November 17, 2005. Not until December 12, 2005, were the additional fifty four boxes made available for inspection by Plaintiffs' counsel, no copies of the documents identified and requested to be produced have yet been received, and furthermore, none of the documents produced have been responsive to Plaintiffs' discovery seeking information and/or documents that might lead to the addition of other parties. Defendant has to date provided no information or documents in response to Plaintiffs' discovery requests, Interrogatory No. 21, Requests for Production Nos. 41-44 and 70 and Request for Admission No. 4, regarding any of its distributors.

To the extent that any "agreement" had been reached by the parties in submitting their proposed Scheduling Order, which we contest, Defendant's conduct has prevented Plaintiffs from being able to meet the purported December 30, 2005 deadline.

Despite the facts recited above, should Defendant maintain its position that the parties have an agreement that additional parties must be added by December 30, Plaintiffs will have no choice but to apply to the Court for relief, which will include a request for an extension of such deadline to March 1, 2006.

Please respond by close of business <u>December 27, 2005.</u> If we do not hear back from you by that time, we will assume that you stand by the position set forth in your email of December 22, 2005, and we will proceed as outlined above.

Very truly yours,

Blank Rome LLP

Susan B. Flohr

SBF:MDW:rb

cc:    D. Brown, Esq.
       M. Paget, Esq.

116333.00124/35706062v.1

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Volkswagen AG, et al

              v.

The Bugatti, Inc.

                          Civil Action No.  05-11067-PBS

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No. 19 on the 7th floor  at **2:00 p.m.** on **September 12, 2005**, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1.  The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance.  Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3.  Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

        July 28, 2005                                         Patti B. Saris
        Date                                               United States District Judge

                                             By:   /s/ Robert C. Alba
                                                 Deputy Clerk

---

[1] These sections of Local Rule 16.1 provide:

    (B) Obligation of counsel to confer.  Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

    (1) preparing an agenda of matters to be discussed at the scheduling conference,

    (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

    (3) considering whether they will consent to trial by magistrate judge.

    (C) Settlement proposals.  Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference.  Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

    (D) Joint statement.  Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

    (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

        (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

        (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

    (2) a proposed schedule for the filing of motions; and

    (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

        (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

        (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps.  The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

                                        [ntchrgcnf. schedcnfddl.]

# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Civil Action No. 05-11067-PBS**

| | |
|---|---|
| VOLKSWAGEN AG, | ) |
| VOLKSWAGEN OF AMERICA, INC. | ) |
| and BUGATTI INTERNATIONAL, S.A., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BUGATTI, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Pursuant to FED. R. CIV. P. 26(a)(1), Plaintiffs, Volkswagen AG ("VWAG"), Volkswagen

of America, Inc. ("VWoA") and Bugatti International, S.A. (hereinafter "Bugatti International"),

hereby provide the following disclosures:

**(A)     The name and, if known, the address and telephone number of each
individual likely to have discoverable information that Plaintiffs may use to support their
claims and/or defenses, identifying the subjects of the information:**

1.     Dr. Joerg Biermann

      Address:     Volkswagen AG
                   EZP, 1770
                   38436 Wolfsburg, Germany

      Telephone:     +49-5361-9-73923

Dr. Biermann is likely to have discoverable information concerning the availability,
registration, opposition proceedings, etc. of trademarks of Volkswagen AG.

2.    Dr. Klaus Oppermann

      Address:     Volkswagen AG
                      K-GL-E, 1884/6
                      38436 Wolfsburg, Germany

      Telephone:   +49-5361-9-75896

Dr. Oppermann is likely to have discoverable information on the enforcement of trademarks of Volkswagen AG.

3.    Debra L. Kingsbury

      Address:     Volkswagen of America, Inc.
                      3800 Hamlin Road
                      Auburn Hills, MI 48326

      Telephone:   248-754-4787

Ms. Kingsbury is likely to have discoverable information concerning trademark use, licensing and enforcement by VWoA.

4.    Linda Scipione

      Address:     Volkswagen of America, Inc.
                      3800 Hamlin Road
                      Auburn Hills, MI 48326

      Telephone:   248-754-5000

Ms. Scipione is likely to have discoverable information concerning trademark use, licensing and enforcement by VWoA.

5.    Klaus le Vrang

      Address:     c/o Audi AG
                      85045 Ingolstadt, Germany

      Telephone:   + 49-841-89-33901

Mr. le Vrang is likely to have discoverable information concerning trademarks and transfer of rights to Bugatti International.

6.    Dr. Ingrid Vogel

      Address:     c/o Bugatti International
                      Brieffach 1498
                      D-38436 Wolfsburg, Germany

      Telephone:   + 49-5361-40-1550

00070307.DOC /
116333.00120/35690925v.1

Dr. Vogel is likely to have discoverable information concerning products and license contracts.

7.    Mr. Terry Scheller

      Address:    100 Condor Street
                     East Boston, MA  02128

      Telephone:  617-567-7600

Mr. Scheller is president of Defendant and is likely to have discoverable information concerning Defendant's alleged trademark rights and the actions taken by Defendant and its distributors. Mr. Scheller is likely to have discoverable information concerning the <www.bugatti.com> and <www.atalante.com> websites, as well as Defendant's catalogs and advertisements. Mr. Scheller is likely to have discoverable information on any authorizations or cease and desist letters concerning the Defendant's use of the marks of well-known companies. Mr. Scheller is also likely to have discoverable information about communications with third parties such as Joao F. C. Rodrigues, Erick Hufschmid, Andrés Butta and others concerning the subject matter of the present lawsuit.

8.    Mr. Joao Francisco Camargo Rodrigues

      Address:    1515 N. Federal Highway, Suite 300
                     Boca Raton, FL  33432

      Telephone:  561-654-3470

Mr. Rodrigues is likely to have discoverable information concerning communications by Mr. Scheller about Defendant's trademark rights and about Defendant's attempts to acquire a Bugatti replica car.

9.    Erick Hufschmid

      Address:    Bau Inc.
                     Concord, New Hampshire

      Email:      bau@worldpath.net

Mr. Hufschmid is likely to have discoverable information concerning communications between Defendant and Bugatti International's representative. Mr. Hufschmid is likely to have discoverable information concerning the negotiating strategy of Defendant and the drafting of correspondence sent by Defendant to Bugatti International's representative.

10.    Mr. Andrés Butta

      Address:    Establecimiento Pur Sang Argentina
                     Mastronardi 888, (3100) Paraná
                     Entre Rios, Argentina

00070307.DOC /
116333.00120/35690925v.1

Telephone:    + 54-343-260326

Mr. Butta is likely to have discoverable information concerning communications by Mr. Scheller and Mr. Rodrigues about acquiring a Bugatti replica car and the reasons for attempting to acquire such replica car.

11.    Distributors of Defendant (as yet unidentified) may have discoverable information concerning the misuse of Plaintiffs' trademarks. Distributors of Defendant may be added as parties to the present litigation.

12.    Numerous marks of well-known companies appear in the catalogs of Defendant and on the <www.bugatti.com> and <www.atalante.com> websites. Among the well-known marks are MICROSOFT, COMPAQ, JOHN HANCOCK, JAGUAR, HONDA, CHEVY TRUCKS, COLUMBIA, CONTINENTAL AIRLINES, McDONNELL DOUGLAS, KINGSFORD, ORACLE, XEROX, TNT, GRACE and AT&T. The owners of these marks may have discoverable information concerning cease and desist letters sent to Defendant and/or permission given to Defendant to use the marks.

13.    Additional witnesses having discoverable information may be identified during the course of discovery.

    (B)    A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Plaintiffs and that Plaintiffs may use to support its claims and/or defenses;

The following documents, data compilations, and tangible things, described by category, located, unless otherwise indicated, at the offices of Blank Rome LLP, The Watergate, 600 New Hampshire Avenue, N.W., Washington, DC 20037, may be used by Plaintiffs to support their claims and/or defenses:

    1)    Documents and materials related to the VW Marks owned by VWAG, including U.S. Trademark Registration Nos. 1,883,332; 2,100,963; 2,299,293; 2,818,615; 2,849,974; 2,930,238; 2,932,356.

    2)    Documents and materials related to the pending U.S. Trademark Application Nos. 79/001131; 79/001133; 79/001521.

    3)    Documents and materials showing the use by VWoA of the VW Marks on CD cases and leather wallets.

    4)    Trademark registration by Bugatti International SA, Bugatti Automobiles and Bugatti Engineering GmbH. in the United States, Italy, and Germany, including certified English translation of official documents, miscellaneous research, brochures, diagrams and photographs of product and trade marks, including documentation from U.S. Department of Commerce, U.S. Patent & Trademark Office regarding the application for and registration of the corporate trademark of "Bugatti" and related "marks";

4

5)    Corporate Registration documentation, Articles of Incorporation and licensing documentation of Bugatti International SA, Bugatti Automobiles and Bugatti Engineering GmbH;

6)    United States and International Customs Documentation regarding international shipping records for the importation and exportation of motor vehicles and automobiles by Bugatti Engineering, Bugatti International and/or Bugatti Automobiles;

7)    Publication and Advertisements of products and Trademarks, Magazine articles and Notices (both in hard copy and electronic version);

8)    Bates-numbered copy of all documents produced by Bugatti International in the trademark opposition proceeding between The Bugatti, Inc. and Bugatti International.

9)    Bates-numbered copy of all documents produced by The Bugatti, Inc. in the trademark opposition proceeding between The Bugatti, Inc. and Bugatti International.

Additional documents may be identified during the course of discovery.

**(C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying the documents on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

The amount of damages cannot be computed at this time.

**(D)    Any insurance agreement under which insurance business may be liable to satisfy part or all of a judgment which may be entered in this action:**

Not applicable.

5

Respectfully submitted,

VOLKSWAGEN AG, VOLKSWAGEN OF
AMERICA, INC. and BUGATTI
INTERNATIONAL, S.A.,

By their attorneys,

David A. Brown (BBO# 556161)
Margaret H. Paget (BBO# 567679)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 646-2000

and

Susan B. Flohr, Esq.
Michael D. White, Esq.
BLANK ROME LLP
600 New Hampshire Ave, NW
Washington, DC 20037
Telephone: (202) 772-5870
Facsimile: (202) 572-1407

Dated: September 23, 2005

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD
FOR EACH OTHER PARTY BY MAIL
(BY HAND) ON    9/d3/05.

00070307.DOC /
116333.00120/35690925v.1

# EXHIBIT 8



BLANK ROME LLP
COUNSELORS AT LAW

*Phone:*     *(202) 772-5821*
*Fax:*       *(202) 572-1421*
*Email:*     *white@blankrome.com*

September 27, 2005

## VIA EMAIL; CONFIRMATION BY MAIL

Victor H. Polk, Jr., Esq.
David M. Magee, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

> Re:    *Volkswagen AG et al. v. The Bugatti, Inc.*
>        Rule 30(b)(6) Deposition of Defendant
>        Our Ref.:  116333-00120

Gentlemen:

As you are aware, during the September 12, 2005 Scheduling Conference, Judge Saris urged the parties to proceed promptly with Rule 30(b)(6) depositions. Plaintiffs have now served Defendant with initial disclosures, document requests, interrogatories and requests for admission. The responses to Plaintiffs' discovery requests are due October 24, 2005. In an attempt to abide by the Court's urging for prompt Rule 30(b)(6) depositions, Plaintiffs request dates for availability of Defendant for such deposition, preferably the week before Thanksgiving or shortly after Thanksgiving. Of course, should Defendant's responses to Plaintiffs' discovery requests require major correction of deficiencies or motion practice, the Rule 30(b)(6) deposition will have to be postponed pending resolution of such deficiencies.

Please provide proposed dates for the Rule 30(b)(6) deposition of Defendant by October 7, 2005 so that Plaintiffs can notice the deposition and make other necessary arrangements.

Very truly yours,

Blank Rome LLP

Michael D. White

MDW:rb                              Michael D. White

cc:    S. Flohr, Esq.
       L. Savitt, Esq.
       D. Brown, Esq.
       M. Paget, Esq.         Watergate  600 New Hampshire Ave., NW Washington, DC 20037
                                           www.BlankRome.com

116333.00120/35693915v.1

Delaware  •  Florida  •  Maryland  •  New Jersey  •  New York  •  Ohio  •  Pennsylvania  •  Washington, DC

EXHIBIT 9



BLANK **ROME** LLP
COUNSELORS AT LAW

*Phone:*    *(202) 772-5821*
*Fax:*      *(202) 572-1421*
*Email:*    *white@blankrome.com*

October 4, 2005

## VIA EMAIL; CONFIRMATION BY MAIL

Victor H. Polk, Jr., Esq.
David M. Magee, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

        Re:   *Volkswagen AG et al. v. The Bugatti, Inc.*
              Rule 30(b)(6) Deposition Topics
              Our Ref.: 116333-00120

Gentlemen:

        In response to David Magee's letter dated September 27, 2005 and further to our letter dated September 27, 2005, attached is a tentative list of Rule 30(b)(6) deposition topics for Defendant. This is subject to revision based on discovery to be produced by Defendant on October 24, 2005.

        Please provide proposed dates in November for the Rule 30(b)(6) deposition.

                        Very truly yours,

                        Blank Rome LLP

                        *Michael D. White*

MDW:rb                      Michael D. White
Enclosure

cc:   S. Flohr, Esq.
     ' L. Savitt, Esq.
      D. Brown, Esq.
      M. Paget, Esq.

## EXHIBIT A

Topics for Rule 30(b)(6) Deposition
of Defendant The Bugatti, Inc.

1.   Defendant's allegations in Defendant's Answer and Counterclaim.

2.   Defendant's Initial Disclosures.

3.   Defendant's Responses to Plaintiffs' Interrogatories.

4.   Defendant's Responses to Plaintiffs' Requests for Admission.

5.   Defendant's Responses to Plaintiffs' Requests for Production.

6.   Documents Produced by Defendant.

7.   Defendant's Document Retention Policy and Practice.

8.   Defendant's websites <www.bugatti.com> and <www.atalante.com>.

9.   Defendant's use of the VW logo on its websites and in its catalogs and advertisements, including any alleged authorization for such use.

10.   Use of the VW logo by Defendant's distributors in accordance with instructions on Defendant's websites.

116333.00120/35694633v.1

11.    Use of a Red Oval Logo bearing the word BUGATTI by Defendant's distributors in accordance with instructions on Defendant's websites.

12.    Permission or complaints by third parties whose marks have been used in any catalog or advertisement or on any website also bearing a Red Oval Logo bearing the word BUGATTI.

13.    Selection, use, continuity of use or lapse in use of the mark BUGATTI by Defendant.

14.    Selection, use, continuity of use or lapse in use of a Red Oval Logo bearing the word BUGATTI by Defendant.

15.    Advertisement, display, distribution, channels of trade and sales of goods or services in connection with the mark BUGATTI by Defendant.

16.    Sales, revenues, profits and expenditures for goods and services bearing the mark BUGATTI by Defendant.

17.    Sales, revenues, profits and expenditures for goods and services bearing the VW logo by Defendant.

18.    Actual or prospective damages or harm to Defendant as a result of Plaintiffs' use of a Red Oval Logo bearing the word BUGATTI.

19.    Instances of actual confusion between Defendant and Plaintiffs as a result of the use of marks which are the subject of the present lawsuit.

20.     Facts and circumstances related to the cancellation of Defendant's Registration
No. 1,158,090 for the mark BUGATTI.


21.     Facts and circumstances related to Defendant's use of the ® designation subsequent to
cancellation of Defendant's Registration No. 1,158,090 for the mark BUGATTI.


22.     Facts and circumstances related to Defendant's Application No. 76/536,905 for the mark
BUGATTI.


23.     Defendant's use of links to Bugatti automobile websites, including but not limited to
links to VEYRON websites.


24.     Communications between Defendant and any third party, including but not limited to
Defendant's distributors, Joao F.C. Rodrigues, Erick Hufschmid and Andrés Butta, concerning
the mark BUGATTI, Plaintiffs and/or the subject matter of this lawsuit.


25.     Any joint defense agreement or community of interest concerning the subject matter of
the present lawsuit to which Defendant is a party.


26.     Any opinion of counsel Defendant relies upon to assert that Defendant has not willfully
infringed the rights of Plaintiffs.

# EXHIBIT 10

# BINGHAM McCUTCHEN

David M. Magee
Direct Phone: (617) 951-8241
david.magee@bingham.com

October 18, 2005

**Via Email and First-Class Mail**

Bingham McCutchen LLP

150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Michael D. White
Blank Rome LLP
600 New Hampshire Avenue, NW
Washington, DC 20037

> *Re:   Volkswagen AG et al.. v. The Bugatti, Inc.*
> *Case No. 05-11067-PBS*

Dear Mr. White:

    I write in confirmation of my earlier telephone conversation with Ms. Paget. As discussed, Bugatti's insurer, Arbella Protection Insurance Company, is now providing for the defense of Bugatti in this case. Arbella has assigned the case to the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C. as new legal counsel to Bugatti. We are presently assembling the file for transfer to Geri L. Haight, the attorney contact at Mintz for this case. Ms. Haight may be reached at (617) 542-6000.

    As a result of Bugatti's change in counsel, it will not be possible for Bugatti to provide any meaningful responses to VW's discovery requests on October 24, 2005, and we therefore request that you contact Ms. Haight to coordinate a mutually agreeable schedule for Bugatti's responses to VW's discovery requests. Further, Bugatti's new counsel will coordinate any deposition scheduling and negotiation of a : protective order.

    As always, please feel free to call should you have any questions.

Very truly yours,

David M. Magee

DMM/hs

White
October 18, 2005
Page 2

cc:     Victor H. Polk, Jr., Esq.
        David A. Brown, Esq.
        Geri L. Haight, Esq.

Bingham McCutchen LLP
bingham com

# EXHIBIT 11



BLANK ROME LLP
COUNSELORS AT LAW

*Phone:*    *(202) 772-5821*
*Fax:*      *(202) 572-1421*
*Email:*    *white@blankrome.com*

October 20, 2005

**VIA EMAIL; CONFIRMATION BY MAIL**

Geri L. Haight, Esq.
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA  02111

> Re:    *Volkswagen AG et al. v. The Bugatti, Inc.*
>        <u>Our Ref.: 116333-00124</u>

Dear Geri:

This letter is further to our telephone conversations earlier today and our letter to David Magee dated October 19, 2005 on which you were copied. You informed me that your firm would be filing a notice of appearance shortly.

I have discussed the issue on an extension for Defendant to respond to Plaintiffs' outstanding discovery requests with Susan Flohr. Given that we were informed about the change of counsel on October 18, 2005 and apparently you were also so informed on that date, we are amenable to restarting the response date from October 18. Therefore, Plaintiffs agree to an extension to November 17, 2005 for Defendant to respond substantively to the outstanding discovery requests. This is 30 days from October 18, 2005.

We believe that this extension is more than generous. It appears that Defendant has done absolutely *nothing* to even attempt to respond to Plaintiffs' discovery requests and has squandered the entire response period to date. Because we are agreeing to this extension and Defendant will have had from September 23, 2005 to November 17, 2005 to respond (55 days), we will not agree to any further extension. We expect that Defendant will respond fully to all discovery requests on November 17, and that documents will actually be produced on that date.



BLANK ROME LLP
COUNSELORS AT LAW

Geri L. Haight, Esq.
October 20, 2005
Page 2

As I mentioned in our telephone conference, we are noticing the Rule 30(b)(6) deposition of The Bugatti, Inc. for November 30, 2005. This is predicated on substantive discovery responses from Defendant without the need for motions practice. We had attempted to secure proposed dates from Defendant's prior counsel to no avail. If November 30 does not work or if discovery motions practice is required, then we will have to find a date in early December.

Very truly yours,

Blank Rome LLP

Michael D. White

MDW:rb

Michael D. White

cc:    S. Flohr, Esq.
       L. Savitt, Esq.
       D. Brown, Esq.
       M. Paget, Esq.
       V. Polk, Esq.
       D. Magee, Esq.

116333.00124/35696806v.1

EXHIBIT 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

### Civil Action No. 05-11067-PBS

| | |
|---|---|
| VOLKSWAGEN AG,<br>VOLKSWAGEN OF AMERICA, INC.<br>and BUGATTI INTERNATIONAL, S.A.,<br><br>     Plaintiffs,<br><br>v.<br><br>THE BUGATTI, INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT THE BUGATTI, INC.

Please note that, on November 30, 2005, beginning at 9 AM, at the offices of Sherin and

Lodgen LLP, 101 Federal Street, Boston, Massachusetts 02110-1832, pursuant to Rule 30(b)(6)

of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination

of Defendant, The Bugatti, Inc., on the topics appended hereto as Exhibit A. The deposition may

be videotaped.

You are invited to attend.

Date:  October **20**, 2005

_____
David A. Brown (BBO# 556161)
Margaret H. Paget (BBO# 567679)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone: 617.646.2000

Of Counsel:

Susan B. Flohr, Esq.
Michael D. White, Esq.
BLANK ROME LLP
600 New Hampshire Ave, NW
Washington, DC 20037
Telephone: (202) 772-5870
Facsimile: (202) 572-1407

Attorneys for
VOLKSWAGEN AG
VOLKSWAGEN OF AMERICA, INC.
BUGATTI INTERNATIONAL, S.A.

2

## **EXHIBIT A**

Topics for Rule 30(b)(6) Deposition
of Defendant The Bugatti, Inc.

1.    Defendant's allegations in Defendant's Answer and Counterclaim.

2.    Defendant's Initial Disclosures.

3.    Defendant's Responses to Plaintiffs' Interrogatories.

4.    Defendant's Responses to Plaintiffs' Requests for Admission.

5.    Defendant's Responses to Plaintiffs' Requests for Production.

6.    Documents Produced by Defendant.

7.    Actions taken by Defendant to respond to discovery requests by Plaintiffs.

8.    Defendant's Document Retention Policy and Practice.

3

9.    Defendant's websites <www.bugatti.com> and <www.atalante.com>.

10.    Defendant's use of the VW logo on its websites and in its catalogs and advertisements, including any alleged authorization for such use.

11.    Use of the VW logo by Defendant's distributors in accordance with instructions on Defendant's websites.

12.    Use of a Red Oval Logo bearing the word BUGATTI by Defendant's distributors in accordance with instructions on Defendant's websites.

13.    Permission or complaints by third parties whose marks have been used in any catalog or advertisement or on any website also bearing a Red Oval Logo bearing the word BUGATTI.

14.    Selection, use, continuity of use or lapse in use of the mark BUGATTI by Defendant.

15.    Selection, use, continuity of use or lapse in use of a Red Oval Logo bearing the word BUGATTI by Defendant.

16.    Advertisement, display, distribution, channels of trade and sales of goods or services in connection with the mark BUGATTI by Defendant.

4

17.    Sales, revenues, profits and expenditures for goods and services bearing the mark BUGATTI by Defendant.

18.    Sales, revenues, profits and expenditures for goods and services bearing the VW logo by Defendant.

19.    Actual or prospective damages or harm to Defendant as a result of Plaintiffs' use of a Red Oval Logo bearing the word BUGATTI.

20.    Instances of actual confusion between Defendant and Plaintiffs as a result of the use of marks which are the subject of the present lawsuit.

21.    Facts and circumstances related to the cancellation of Defendant's Registration No. 1,158,090 for the mark BUGATTI.

22.    Facts and circumstances related to Defendant's use of the ® designation subsequent to cancellation of Defendant's Registration No. 1,158,090 for the mark BUGATTI.

23.    Facts and circumstances related to Defendant's Application No. 76/536,905 for the mark BUGATTI.

5

116333.00120/35693759v.1

24.    Defendant's use of links to Bugatti automobile websites, including but not limited to links to websites featuring the Bugatti VEYRON vehicle.

25.    Communications between Defendant and any third party, including but not limited to Defendant's distributors, Arbella Protection Insurance Company, Joao F.C. Rodrigues, Erick Hufschmid and Andrés Butta, concerning the mark BUGATTI, Plaintiffs and/or the subject matter of this lawsuit.

26.    CGL Policy No. 850001461, and any riders, addenda, amendments or revisions thereto, issued by Arbella Protection Insurance Company to The Bugatti, Inc.

27.    Any joint defense agreement or community of interest concerning the subject matter of the present lawsuit to which Defendant is a party.

28.    Any opinion of counsel Defendant relies upon to assert that Defendant has not willfully infringed the rights of Plaintiffs.

6

## CERTIFICATE OF SERVICE

I hereby declare that on October **20**, 2005, a copy of the foregoing NOTICE OF RULE

30(b)(6) DEPOSITION OF DEFENDANT THE BUGATTI, INC., was served by hand, first

class mail and facsimile, on Defendant's counsel as follows:

**By Hand:**

Victor H. Polk, Jr., Esquire
David A. Magee, Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110-1726
(Counsel of Record)

**By Facsimile and First Class Mail:**

Geri L. Haight, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C.
One Financial Center
Boston, MA  02111
(Courtesy Copy)

_____
David A. Brown

MARGARET H. PAGET

7

# EXHIBIT 13

 **MINTZ LEVIN**

Geri L. Haight | 617 348 1675 | glhaight@mintz.com

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

November 16, 2005

**BY FIRST CLASS MAIL
& FACSIMILE**

Margaret H. Paget
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110

Re:    *Volkswagen AG et al. v. The Bugatti, Inc.*
       Civil Action No. 05-11067-PBS

Dear Margaret:

I write in response to the Notice of Rule 30(b)(6) Deposition of Defendant The Bugatti, Inc., served on Defendant's predecessor counsel on October 20, 2005. The majority of the 28 topics included in the Notice are vastly overbroad and pose an undue burden on our client.

First, with the possible exception of the topic relating to "Defendant's Document Retention Policy and Practice," the remaining 27 topics overlap completely with the requests for production of documents, interrogatory answers and admissions already served on Defendant. Thus, the topics are unreasonably cumulative and duplicative of the discovery to which our client is already responding.

Second, the vast majority of proposed topics fail to comply with Rule 30(b)(6)'s requirement that the deposing party "describe with reasonable particularity the matter upon which examination is required." Absent this reasonable particularity, the topics are so broad and so inartfully described as to make adequate preparation impossible or unfeasible.

Third, several topics seek testimony about events that occurred over the course of an incredibly lengthy period of time. As you well know, our client has been engaged in the sale of leather goods bearing the BUGATTI name for over 33 years. Our client simply cannot be expected to testify about use of the BUGATTI Mark in "advertisements, displays, distribution, channels of trade and sales of goods or services" spanning over three decades. The same is true of testimony about sales and revenue generated over the past 33 years for goods bearing the BUGATTI Mark. We are producing documents evidencing such usage and sales, obviating any need to test our client's memory on its 33 year history.

Fourth, several topics seek testimony on our client's contentions in this lawsuit. Rule 30(b)(6) depositions are not the appropriate place to explore a party's contentions.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | RESTON | NEW YORK | STAMFORD | LOS ANGELES | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Margaret Paget
November 16, 2005
Page 2

Fifth, several topics seek testimony that is protected by the attorney-client privilege and work product doctrines. For example, one topic seeks testimony about "Defendant's Answer and Counterclaims." A party's decision to file counterclaims is obviously made in close consultation with legal counsel and is based on counsel's advice. It is impossible for our client to give testimony about such matters without disclosing privileged communications with counsel, or information about the mental impressions, conclusions, opinions, or legal theories of counsel.

Finally, as you know, The Bugatti, Inc. is a small company operated from its inception by Terry Scheller. We will not permit you to depose Mr. Scheller on such broad topics as a corporate representative and later allow you to depose him in his personal capacity on the same or similar topics. Moreover, as discussed above, such broad Rule 30(b)(6) topics are entirely improper and pose an undue burden on our client.

We ask that you limit the deposition topics to only those that are not duplicative of discovery already served and are permissibly within Rules 26 and 30(b)(6). If you will not agree to so limit the deposition topics, we will be forced to seek a protective order from the Court. We hope that, at this stage of these proceedings, we may find an amicable resolution to this issue.

I look forward to hearing from you.

Very truly yours,

Geri L. Haight

cc:    Susan B. Flohr, Esq.
       Michael D. White, Esq.
       Joe Hameline, Esq.
       Philip Catanzano, Esq.

LIT 1550627v.1

EXHIBIT 14



*Phone:*   (202) 772-5870
*Fax:*     (202) 572-1407
*Email:*   flohr@blankrome.com

November 21, 2005

### *VIA FAX; WITH CONFIRMATION BY MAIL*

Geri L. Haight, Esq.
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111

> Re:   *Volkswagen AG et al. v. The Bugatti, Inc.*
>       Rule 30(b)(6) Deposition Notice
>       <u>Our Ref.: 116333-00124</u>

Dear Ms. Haight:

Further to my letter of November 18, 2005, in connection with the referenced Rule 30(b)(6) deposition notice, upon closer consideration of the objections raised in your letter of November 16, 2005, we conclude that for the most part such objections are without merit, as addressed in detail below. As indicated in my prior letter, it will no longer be possible for the deposition to go forward on November 30, 2005 as originally noticed, however, we intend to depose Mr. Scheller during the month of December and will get back to you with that date later.

Taking your objections as presented:

First, Defendant's attempt to limit or preclude deposition testimony on topics also covered by certain of Plaintiffs' interrogatories, document requests and requests for admission, is unsupportable, ignores standard discovery practice and flies in the face of the Federal Rules, which contemplate multiple modes of discovery. Such topics are proper and Plaintiffs will cover them during the 30(b)(6) deposition.

Second, your general contention that the vast majority of proposed topics are not described with reasonable particularity is so lacking in specifics that it leaves to conjecture what you are referring to, however, addressing each of the topics we state as follows:

We will narrow Topic 1 to read "facts, circumstances and evidence which support or refute Defendant's Answer and Counterclaim." This makes clear that only factual testimony is sought.



Geri L. Haight, Esq.
November 21, 2005
Page 2

Topics 2-6 are directed to written discovery provided by Defendant. The discovery is clearly identified and pertains to Defendant's Initial Disclosures, Defendant's Response To Plaintiffs' Interrogatories, Defendant's Responses To Plaintiffs' Requests For Admission and Defendant's Responses To Plaintiffs' Requests For Production Of Documents, and documents produced by Defendant. As it is clearly foreseeable that any of the subjects covered in any of the discovery provided by Defendant to Plaintiffs would be the subject of further discovery, no additional specificity is required.

Topics 9-12 are directed to aspects of Defendant's websites and are completely unobjectionable given that Mr. Scheller was identified in Defendant's initial disclosures as being knowledgeable concerning same.

Topics 7, 13 through 18, 20 through 23, and 25 through 28, are each clear on its face. If you need further clarification, please explain in what respect you do not understand the topic as stated.

Topic 19 is directed to the harm which Defendant alleges in its Answer and Counterclaim.

Topic 24 is directed to Defendant's attempt to associate itself with Plaintiff Bugatti International by linking its page to other sites featuring Plaintiff Bugatti's VEYRON automobiles.

Third, your client cannot take the contradictory positions that its rights in the mark BUGATTI and the Red Oval Logo extend back over 33 years and also maintain that it cannot be expected to testify about the basis for such claim of rights. Similarly, as Mr. Scheller is to be the 30(b)(6) witness for The Bugatti Inc., he reasonably must be expected to be knowledgeable about such matters. We note for the record that Mr. Scheller also was the sole person who assisted in preparing the responses to Interrogatories.

Turning to your concern that we would seek to depose Mr. Scheller twice, once as a 30(b)(6) witness and then in his individual capacity, as previously stated, the depositions will be concurrent and thus no additional burden will be placed on him.

Please let us know if you have any further questions regarding the 30(b)(6) notice of deposition topics, and if so, please set forth such questions with particularity so that we can address them. If you have caselaw or other authority supporting your positions, please provide it.

With regard to the timing of the deposition, we are reviewing the four boxes of documents you have provided to us and find that we will need to inspect the additional

116333.00124/35701274v.1



Geri L. Haight, Esq.
November 21, 2005
Page 3


fifty, before we will be in a position to depose Mr. Scheller. We have outstanding a
request for a date and location at which the remaining boxes will be made available for
inspection following Thanksgiving, whereupon we shall be in a position to set the
deposition date.


                                      Very truly yours,

                                      Blank Rome LLP

                                      Susan B. Flohr

cc:    M. White, Esq.
       L. Savitt, Esq.
       D. Brown, Esq.
       M. Paget, Esq.
       J. Hameline, Esq.
       P. Catanzano, Esq.

EXHIBIT 15



Phone:      (202) 772-5870
Fax:        (202) 572-1407
Email:      flohr@blankrome.com

December 29, 2005

## VIA FACSIMILE; CONFIRMATION BY MAIL

Geri L. Haight, Esq.
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA  02111

> Re:     *Volkswagen AG et al. v. The Bugatti, Inc.*
>          Deficiencies in Defendant's Discovery Responses
>          Our Ref.:  116333-00124

Dear Ms. Haight:

We have now had an opportunity to complete our review of Defendant's responses to Plaintiffs' Interrogatories and Requests for Production of Documents. In addition, we have reviewed the four boxes of documents which were produced on November 17, 2005 and we conducted a preliminary inspection of the 54 boxes made available for inspection on December 12-13, 2005. We are still waiting for the documents that we asked to have copied by your office from that inspection which we understand will not be provided to us until next week. There are extensive deficiencies in Defendant's discovery responses for which we request immediate correction.



BLANK ROME llp
COUNSELORS AT LAW

Geri L. Haight, Esq.
December 29, 2005
Page 2

## Requests for Production

Three general comments are in order. First, Defendant cannot use the purported 33 year

use of a BUGATTI mark as both a sword and a shield. If Defendant intends to rely upon the 33

year usage, then Defendant cannot legitimately object that a discovery response is overly broad

or otherwise improper because responding to it entails 33 years worth of documents. Second,

contrary to what is indicated in Defendant' s responses to Plaintiffs' requests, we cannot locate

any documents related to the VW Marks in Defendant's entire production or in the documents

made available for inspection. Third, many of the objections raised in Defendant's discovery

responses to the alleged "vagueness" of certain terms used by Plaintiffs are either terms

Defendant also uses in its discovery requests or are otherwise well-known and well-understood

terms. Illustratively, the Defendant uses a definition of the word "confusion" in its requests for

documents which is the same as Plaintiffs', and it used the term in its Counterclaim. Therefore,

Defendant cannot object to this term as vague and not clearly defined as it does in responses to

Plaintiff's Request Nos. 49 and 50. Defendant also objects to Plaintiffs' use of the term "any

communication" (responses to Request Nos. 29-38) and "communication" - (response to requests

41, 43 - as overbroad and not limited in date or subject matter), however, it uses the same terms

in its requests to Plaintiffs – Nos. 39-42,44, 45, 51. Defendant objects to the terms "joint defense

agreement" and "community of interest" (response to Request No. 70) and yet it has the same

terms in its Request 78.



Geri L. Haight, Esq.
December 29, 2005
Page 3

RFP Nos. 2-14 are directed to documents and things which Defendant relies upon in responding to the respective Counts I-XIII of Plaintiffs' Complaint. Counts I-VI are directed to the VW Marks, however, no documents have been produced responsive to such RFPs. Counts VII through XII pertain to the Defendant's alleged right to use the Defendant's Red Oval Design, however no documents appear to have been produced that are responsive to these requests. With respect to Count XIII, which pertains to both the VW Marks and the Defendant's Red Oval Design, no documents appear to have been produced that are responsive to this request.

RFP Nos. 15-20 are directed to documents and things which Defendant relies upon in asserting its respective First through Sixth Affirmative Defenses. Again, no documents appear to have been produced responsive to such RFPs.

RFP Nos. 21-26 are directed to documents and things upon which Defendant relies in asserting the respective Counts I-VI of Defendant's Counterclaim. No documents appear to have been produced responsive to such RFPs.

RFP No. 27 is directed to documents and things Defendant relies upon in asserting its requests for relief, however, no documents appear to have been produced responsive to such RFPs.

RFP No. 28 is directed to documents and things Defendant relies upon in using the ® designation with the BUGATTI marks following cancellation. No documents appear to have been produced in response to such request.



Geri L. Haight, Esq.
December 29, 2005
Page 4

RFP Nos. 29-30 are directed to the statements made by Defendant, respectively, in paragraphs 45 and 46 of Defendant's Answer. No documents showing the use of a Red Oval Logo or Red Oval Design have been produced.

Defendant has either failed to produce documents responsive to entire categories of documents, or has made partial and clearly inadequate production for other categories, as indicated below:

- RFP Nos. 31-36 concerning communications[1] between Defendant (or Scheller) and Rodrigues, or Defendant with Hufschmid or Butta;
- RFP Nos. 37-40, concerning communications between Defendant and its distributors about Plaintiffs or this lawsuit;
- RFP Nos. 41-43 concerning instructions to distributors on Defendant's websites;
- RFP No. 44 concerning communications concerning this lawsuit;
- RFP No. 45 concerning communications concerning use of third party trademarks by Defendant[2],
- RFP No. 46 concerning changes in Defendant's websites;
- RFP No. 47 concerning documents identified in Defendant's interrogatory responses;
- RFP No. 49 concerning surveys;
- RFP No. 50 concerning searches or evaluations as to conflicts of the BUGATTI Mark with the rights of others;

---

[1] As mentioned above Defendant's objection to use of the word "communication" is not well taken.
[2] Defendants' objection is without merit since the unauthorized use of third party trademarks by Defendant in conjunction with the Red Oval Logo, tarnishes Plaintiff Bugatti International's Red Oval Logo and Plaintiff VW's VW Logo, as set forth in the complaint and affirmative defenses to Defendant's counterclaims and is therefore relevant to a claim or defense in this case.



Geri L. Haight, Esq.
December 29, 2005
Page 5

-    RFP Nos. 51-52 concerning confusion/likelihood of confusion[3] other than BUG1433;

-    RFP No. 53 concerning communications between Defendant and Bugatti International;

-    RFP No. 58 concerning domain name registrations;

-    RFP Nos. 60-61 concerning defendant's awareness of Bugatti International's use of BUGATTI;

-    RFP No. 62 concerning continuity of use of the BUGATTI Mark;

-    RFP Nos. 63-64 concerning complaints and/or lawsuits;

-    RFP No. 65 concerning documents received from third parties concerning either the BUGATTI or VW Marks;

-    RFP Nos. 66 concerning documents relied upon in responding to interrogatories;

-    RFP Nos. 67 and 69 concerning documents, respectively, which refute Defendant's interrogatory responses and responses to Requests for Admissions;

-    RFP No. 68 concerning documents Defendant relies upon in responding to Request for Admissions;

-    RFP No. 70 concerning distributor lists[4];

-    RFP No. 71 concerning third party communications concerning this lawsuit;

-    RFP Nos. 72-73 concerning joint defense agreements and community of interest, respectively;

-    RFP No. 74 concerning defendant's alleged right to use the VW logo;

-    RFP No. 75 defendant's willful infringement;

---

[3] As mentioned above Defendant's objection to use of the word "confusion" is not well taken.

[4] Except for a 1998 list of delinquent distributors located in one of the 54 boxes of documents Defendant made available for inspection, no distributor lists have been produced. The identities of Defendant's distributors since the time its websites were established that would be set forth on such a list are relevant to the issues in this case and should be produced.



BLANK    ROME ᴸᴸᴾ
COUNSELORS AT LAW

Geri L. Haight, Esq.
December 29, 2005
Page 6

- RFP Nos. 76-78 concerning fame or lack of fame of the respective marks;

- RFP Nos. 79 concerning documents relied upon by Defendant to avoid liability for use of VW Marks;

- RFP Nos. 80-81 concerning use or sales of goods with Red Oval Logo;

- RFP Nos. 82 concerning sales of goods bearing VW Logo;

- RFP Nos. 83-84 concerning documents Defendant relies upon to establish damages;

- RFP No. 85 concerning opinion of counsel/lack of willfulness;

- RFP Nos. 86-92 concerning expert reports and materials;

- RFP Nos. 93-94 concerning use of the VW Logo;

- RFP Nos. 95 and 98 concerning use of Red Oval Logo in conjunction with the JAGUAR Logo[5];

- RFP No. 99 concerning links to the VEYRON; and

- RFP Nos. 100-101 concerning defendant's first use of a Red Oval Logo on its websites.

If documents have been produced responsive to such RFPs, please identify them. If documents have been made available for inspection, please identify the box and produce the responsive documents.

**Interrogatory Responses**

The response to Interrogatory No. 1 is vague. Defendant is relying upon Rule 33(d) documents which are not identified.

---

[5] Defendant's objection is not well taken since Defendant's unauthorized use of the JAGUAR logo tarnishes Bugatti International's Red Oval Logo to the detriment of Bugatti International, an injury giving rise to a claim or defense in this case, as well as showing a pattern of misappropriation that further supports Plaintiffs' claims.

116333.00124/35706368v.1



Geri L. Haight, Esq.
December 29, 2005
Page 7

The response to Interrogatory No. 3 does not describe any of the requested surveys or studies and none is provided pursuant to Fed. R. Civ. P. 33(d).

The response to Interrogatory No. 4 indicates that "Defendant has offered and/or is now offering goods or services . . . through several distributors." Nowhere is this interrogatory response, in any other interrogatory response or in Defendant's document production are the "several distributors" identified.

The responses to Interrogatory Nos. 5-10 place undue reliance upon Rule 33(d) documents which to the extent Plaintiffs are able to determine have not been produced, or have not been identified with specificity so that their identify is ascertainable.

The response to Interrogatory No. 11 is inconsistent with Defendant's own document production. There have been cases of actual confusion and Defendant is not only aware of it, but has provided copies of same to Plaintiff Bugatti International. See, *inter alia*, BUG1433.

The response to Interrogatory No. 12 is non-responsive. Nowhere in the response or the other interrogatories mentioned in the response is likelihood of confusion addressed.

In its response to Interrogatory No. 14 Defendant does not state with any specificity the dates and use of Defendant's Red Oval Design. Moreover, there is no mention of the first use of the Red Oval Design on Defendant's website.

The response to Interrogatory No. 15 places undue reliance upon Rule 33(d) without specifically identifying the documents relied upon.



Geri L. Haight, Esq.
December 29, 2005
Page 8

The response to Interrogatory No. 16 is non-responsive.  Nowhere is the Red Oval Design mentioned in this response.

The responses to Interrogatories Nos. 18-19 places undue reliance upon Rule 33(d) without the requisite specific identification of documents relied upon.

The response to Interrogatory No. 20 is insufficient.  Defendant relies upon an unidentified distributor of Defendant and an unidentified VW dealer.  Defendant has placed those two entities in issue and should identify them.  Moreover, Defendant has not produced any documents related to any distributor, or any VW dealer related to the use of the VW Logo.

Defendant's objection to Interrogatory No. 21 is not well taken in that the time period covered by the interrogatory is not 33 years, but on the contrary, covers the time period since Defendant's websites have been operated, which is 1995 according to Defendant.

**Conclusion**

We request that Defendant immediately supplement and/or amend its discovery responses to correct these deficiencies.  If we do not receive such corrections by January 6, 2006, we request a conference on that date prior to seeking assistance of the Court in resolving this matter.

Very truly yours,

Blank Rome LLP

Susan B. Flohr

116333.00124/35706368v.1



Geri L. Haight, Esq.
December 29, 2005
Page 9


SBF:kb

cc:    M. White, Esq.
        L. Savitt, Esq.
        D. Brown, Esq.
        M. Paget, Esq.