IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VOLKSWAGEN AG, VOLKSWAGEN OF
AMERICA, INC. and BUGATTI
INTERNATIONAL, S.A.

    Plaintiffs and Counterclaim Defendants,

    v.

THE BUGATTI, INC.

    Defendant and Counterclaim Plaintiff.

Civil Action No.  05-11067-PBS

**THE BUGATTI, INC.'S OPPOSITION TO PLAINTIFFS'
MOTION FOR EXTENSION OF TIME TO ADD PARTIES**

    Defendant and Counterclaim Plaintiff The Bugatti, Inc. ("Bugatti") opposes Plaintiffs Volkswagen AG, Volkswagen of America, Inc., and Bugatti International, S.A. (collectively referred to as "Plaintiffs") *Request for Clarification of the Joint Statement and Proposed Scheduling Order and, in the Alternative, Motion for Extension of Time to Add Parties,* as there is nothing in the Order that requires clarification by the Court.

    Pursuant to the Joint Statement and Proposed Scheduling Order ("Joint Statement") agreed to by the parties on September 1, 2005, the deadline to add parties was December 30, 2005.  That date having passed, Plaintiffs now contend that the Court's silence on this deadline in the Scheduling Order renders the Parties' agreement void.  By Plaintiffs' logic, there currently exists no deadline whatsoever by which either Party may seek to add an additional party to this litigation (theoretically, then, Plaintiffs could seek to add a party on the eve of, or even during, trial).  This clearly was not the intent of the Parties or the Court.  Moreover, Plaintiffs' own conduct undercuts its current position that the dates contained in the Joint Statement, which were

not explicitly incorporated into the Scheduling Order, are meaningless. Finally, Plaintiffs provide no legitimate basis for extending the deadline for the addition of parties. The Court should deny Plaintiffs' Motion in its entirety.

### FACTS

On September 1, 2005, the Parties entered into a Joint Statement and Proposed Scheduling Order, which set forth the Parties' agreed upon schedule for this litigation that they then submitted to the Court. Pursuant to this Joint Statement:

1. Rule 26 Initial disclosures were to be completed on or before September 26, 2005;

2. The deadline for adding parties was set for December 30, 2005.

3. Fact discovery is scheduled to close on March 31, 2006.

*See* Docket No. 20; Exhibit 1 to the Affidavit of Susan B. Flohr ("Flohr Aff."), dated December 30, 2005.

On September 12, 2005, the Court conducted a scheduling conference, during which the parties addressed various scheduling issues. That same day, the Court issued its Scheduling Order, which virtually mirrored the dates contained in the Parties' Joint Statement. *See* Docket No. 26; Flohr Aff., Exh. 2. The Court's Scheduling Order, however, did not include deadlines for the exchange of initial disclosures or for the addition of parties, which the Parties had proposed for September 26, 2005 and December 30, 2005, respectively. Flohr Aff., Exh. 1 (¶¶1-2). Despite the fact that the Court did not explicitly incorporate all the deadlines from the Joint Statement, the Parties nonetheless continued to act in accordance with the agreed-upon deadlines and, regardless of the Scheduling Orders' silence on the issue, exchanged initial disclosures on September 23, 2005.

On September 23, 2005, Plaintiffs also served Bugatti with voluminous discovery requests, including approximately 125 separate requests (100 categories of documents; 21 interrogatories; and 4 requests for admission). At that time, Bugatti was represented by counsel at Bingham McCutchen LLP. On approximately October 18, 2005, Bugatti's present counsel assumed representation and embarked on the process of compiling responses to Plaintiffs' 125 discovery requests. Two days later, on October 20, 2005, Plaintiffs' counsel noticed a Rule 30(b)(6) deposition for Bugatti that spanned twenty-eight broad topics covering virtually every issue, or potential issue, in this case.

Bugatti responded to Plaintiffs' 125 discovery requests in a timely manner on November 17, 2005, producing substantive written responses to all 125 discovery requests, as well as four boxes of documents reflecting Bugatti's continuous use in the United States of the BUGATTI trademark at issue in this litigation for over thirty years. *See* Affidavit of Geri Haight ("Haight Aff."), ¶ 2. Further, Bugatti collected and made available for inspection by Plaintiffs' counsel an additional 54 boxes of documents on December 12-13, 2005. *Id.* During the document review, Plaintiffs' counsel tagged certain documents within the 54 boxes, totaling approximately one box, for copying and production. *Id.*, ¶ 3. Due to the age and condition of the documents, coupled with the intervening holidays, this box of documents was produced to Plaintiffs' counsel on January 3, 2006. *Id.*

On December 20, 2005, Plaintiffs' counsel notified counsel for Bugatti of Plaintiffs' position that there was no deadline by which to add parties, reasoning that no such deadline was contained in the Scheduling Order. *See* Flohr Aff., Exh. 3. In response, Bugatti's counsel conferred with predecessor counsel, who represented Bugatti prior to and at the Scheduling Conference and had negotiated the deadlines contained in the Joint Statement. *See* Haight Aff., ¶

3

4. Predecessor counsel confirmed that the dates in the Joint Statement reflected the Parties' agreement as to various deadlines in the case and that, following the Scheduling Conference and issuance of the Scheduling Order, the Parties acted in accordance with those dates -- even those not specifically referenced in the Scheduling Order.  *Id.*

**ARGUMENT**

    A.    **The Parties' Conduct Demonstrates That The December 30, 2005 Deadline For Adding Parties Is Binding.**

The Parties have complied with every deadline thus far in the litigation, whether it be a mutually agreed upon deadline set forth in the Joint Statement or a deadline set forth in the Court's Scheduling Order.  For example, as mentioned above, the Joint Statement provides that Rule 26 initial disclosures "shall be completed on or before September 26, 2005."  *See* Docket No. 20; Flohr Aff., Exh. 1 (¶ 1).  The Court's Scheduling Order makes no reference to this deadline for initial disclosures.  *See* Docket No. 26; Flohr Aff., Exh. 2.  Nonetheless, the Parties recognized their agreement embodied in the Joint Statement and acted accordingly by exchanging initial disclosures on September 23, 2005.

Despite this conduct, Plaintiffs now take the exact opposite position to argue that the dates contained in the Joint Statement were meaningless unless they were explicitly incorporated into the Scheduling Order.  The logical extension of this argument leaves the Parties without any deadline for adding parties, leaving the door open for Plaintiffs to attempt to add parties after discovery closes or even on the eve of trial.  It was clearly not the intention of either the Parties or the Court to allow additional parties to be added to this litigation at *any* stage in the game (as Plaintiffs now argue), and such a result belies the original purpose for even holding scheduling conferences.  *See* FED. R. CIV. P. 16, *Advisory Committee Notes to the 1983 Amendments* (the

4

purpose of limiting the period for amending the pleadings is to assure "that at some point both the parties and the pleadings will be fixed").

Plaintiffs' argument that the Joint Statement was "advisory only," *see Plaintiffs' Motion*, p. 3, similarly lacks merit. The language contained in the Court's Notice of Scheduling Conference, to the effect that the Parties' "proposed pretrial schedule… shall be *considered by the judge as advisory only*," has no effect on the Parties' agreement. See Flohr Aff., Exh. 6. Rather, it conveys that *the Court itself*, of course, is not bound to accept the Parties' agreement and proposal and could set different dates for the close of discovery, trial, etc. depending upon its docket and trial schedule. Importantly, in this case, the Court did, in fact, expressly adopt the deadlines proposed by the Parties and, for those omitted from the Scheduling Order, the Parties' have continued to act in accordance with their agreement in the Joint Statement.

    **B.**     **Plaintiffs Have Known The Identity Of Bugatti's Distributors And Customers For Over A Year And Their Proclaimed Ignorance Of These Facts Provides No Basis For An Extension Of The Deadline At Issue.**

Plaintiffs contend that, even if they had agreed to the December 30, 2005 deadline, that deadline should be extended because of Bugatti's allegedly insufficient discovery responses. Plaintiffs argue that they "specifically sought the identity of distributors and information pertaining to other possible joint tortfeasors or contributory infringers, who may or may not be distributors… [and] *[t]his information has not yet been provided in any meaningful manner*." *See Plaintiffs' Motion*, p. 4 (emphasis added). This assertion is factually wrong and provides no basis for an extension of the deadline to add parties to this litigation.

Well before this litigation even began, Bugatti was engaged in a trademark opposition proceeding with Plaintiff Bugatti International S.A. ("BISA") before the United States Patent and

5

Trademark Office's Trademark Trial and Appeal Board (the "TTAB proceeding").[1]  *See* Haight Aff., ¶ 5.  During the TTAB proceeding, in approximately September 2004, Bugatti produced to BISA over 1700 documents, including over 500 pages of a client and distributor database that spanned from at least 1990 through 2000.  *Id.*  Plaintiffs' counsel has been in possession of this entire database, as well as an additional 1200 pages of documents most relevant to the issues in this case, for well over a year.  As a result, they have been, and remain, fully aware of the information that now claim to be seeking from Bugatti.  *See Plaintiffs' Motion*, p. 4.

In addition to the 1700 documents that Plaintiffs have had for over a year, on November 17, 2005, Bugatti provided Plaintiffs with a list of over 30 past or present consumers and distributors of Bugatti products, including their addresses.[2/]  *See* Haight Aff., ¶ 6.  Also on that date, Bugatti produced hundreds of customer and distributor invoices to Plaintiffs in response to their discovery requests, some dating back to the 1970s and evidencing Bugatti's continuous use of the BUGATTI trademark in the United States for over thirty years.  *Id.,* ¶ 2.  Bugatti further produced over 50 boxes of documents to Plaintiffs for inspection, which encompassed virtually every existing, relevant client file maintained for the past 33 years, including countless documents identifying potential distributors.  *Id.,* ¶ 3.

The issue, then, is not a deficiency in Bugatti's discovery response, but rather, according to Plaintiffs, Bugatti's failure to somehow isolate a group of theoretical "joint tortfeasors" or "contributory infringers" and present their names to Plaintiffs so they can be added to this lawsuit.  No such "joint tortfeasors" or "contributory infringers" exist, and their non-existence certainly does not provide a basis for Plaintiffs to draw out the deadline for adding non-existent

---

[1]     BISA was represented by Plaintiffs' current counsel, Susan Flohr, Esq., during these TTAB Proceedings. Haight Aff, ¶ 5.

[2/]     Bugatti sells relatively few of its products directly to the consuming public, making most of its customers "distributors" insofar as they buy several Bugatti products and distribute them in their shops and/or to their clients. Bugatti does not track this distinction in its clientele's purchasing habits.

parties to this litigation.  Further, any documents that would contain the relevant information about Plaintiffs distributors have been produced months, if not over a full year, ago.

Plaintiffs' Motion more accurately seeks to modify the Scheduling Order (as well as the deadlines contained in the Parties' agreed upon Joint Statement), not add a party.  As such, Plaintiffs' request should be analyzed under the more stringent test set forth under Federal Rule of Civil Procedure 16(b), not the "freely given" amendment standard embodied in Rule 15(a).  Rule 16(b) provides that:

> [T]he district judge…shall, after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference…enter a scheduling order that limits the time to (1) join other parties and to amend the pleadings…. A *schedule shall not be modified except upon a showing of good cause* and by leave of the district judge. (Emphasis added.)

In this case, Plaintiffs have had a comprehensive database of Bugatti clients for over a year, and have had the bulk of Bugatti's discovery for over a month and a half (including 58 boxes of documents, the answers to 21 interrogatories, and the response to four requests for admission) before seeking "clarification" from the Court.  Yet, Plaintiffs have failed to identify *any other party* to target in this litigation and have stated no timeline by which they will be able to make such an identification (if ever).  As such, Plaintiffs have shown *no cause*, much less the requisite "good cause," to modify either the mutually agreed upon Joint Statement or the Court's Scheduling Order.  *See Grant v. News Group Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995); *Berwind Prop. Group, Inc. v. Envtl. Mgmt. Group, Inc.*, --- F.R.D. ---, 2005 WL 3406509, at *5-6 (D. Mass. Dec. 5, 2005) (denying request to modify scheduling order to allow the addition of two defendants that were obvious at the initial filing of the complaint).  *See* Haight Aff., ¶ 7 (attaching the unpublished *Berwind* decision).  Thus, the Court should deny Plaintiffs' Motion.

### C. No Extension Of The Deadline For Adding Parties Is Needed At This Time.

While seeking an "extension" of the deadline for adding parties to this litigation, Plaintiffs do not even identify any "party" that they seek to drag into this lawsuit. Indeed, Plaintiffs expressly state that they are "not moving at this time to add additional parties." *See Plaintiffs' Motion*, p. 6. Thus, Plaintiffs' reliance on Rule 15 and Local Rule 15.1 is misplaced, since Plaintiffs themselves have not identified a party they wish to add and have given no indication if they ever will seek to do so. Plaintiffs' concede in their own motion that Rule 15(a) allows for judicial relief if and when "justice so requires." *Plaintiffs' Motion*, p. 6. Justice does not require any judicial relief at this time, as Plaintiffs have not identified any party (because they cannot) that they seek to add to this litigation. If additional parties should come to light as discovery proceeds, Plaintiffs are free to move for the appropriate relief at that time, and the Court (and Bugatti) will be better situated to assess whether there is sufficient justification to add an additional party to this litigation. At this point, such a request is impermissibly advisory premature and theoretical.

### D. If Any Extension Is Given, The Court Should Similarly Adjust The Remaining Deadlines Contained In The Scheduling Order.

If the Court decides to grant Plaintiffs' request to extend the deadline to add parties, Bugatti requests that the remainder of the Scheduling Order be amended in direct correlation to this extended deadline. Such an amendment is necessary to provide the parties with the necessary opportunity to investigate any additional parties targeted by the Plaintiffs.

## CONCLUSION

Bugatti respectfully requests that this Court deny Plaintiffs' Motion, as no relief is necessary at this time. In the event that the Court sets a new deadline for the addition of parties, Bugatti requests that the remainder of the Scheduling Order similarly be extended.

Respectfully submitted,

**THE BUGATTI, INC.,**

By its attorneys,

/s/ Philip J. Catanzano_____
H. Joseph Hameline, BBO # 218710
Geri L. Haight, BBO #  638185
Philip J. Catanzano, BBO # 654873
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Dated: January 5, 2006                    (617) 542-6000

### Certificate of Service

I hereby certify that on this day, I caused a true and accurate copy of the foregoing document to be served upon Margaret H. Paget, Esq., SHERIN AND LODGEN LLP, 101 Federal Street, Boston, Massachusetts 02110, by complying with this Court's Administrative Procedures for Electronic Case Filing.

Dated:   January 5, 2006                    /s/ Philip J. Catanzano_____
                                            Philip J. Catanzano

LIT 1555649v.1