UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLKSWAGEN AG,<br>VOLKSWAGEN OF AMERICA, INC.,<br>and BUGATTI INTERNATIONAL, S.A.,<br><br>  Plaintiffs,<br><br>V.<br><br>THE BUGATTI, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 05-11067 PBS<br>)<br>)<br>)<br>)<br>) |

### MOTION OF DEPONENT, ARBELLA PROTECTION INSURANCE CO., FOR PROTECTIVE ORDER F.R.C.P. RULE 26 (c), AND TO QUASH SUBPOENA, F.R.C.P. Rule 45(c)

NOW COMES the deponent, Arbella Protection Insurance Co. and prays that this Honorable Court allow this protective order request pursuant to F.R.C.P. Rule 26(c) and to squash the notice of deposition (Exhibit 1) filed by the plaintiffs pursuant to F.R.C.P. Rule 30(b)(6) along with the document designation sought.

In the complaint, the plaintiffs assert that the defendant has violated certain proprietary rights that the plaintiffs have which are identified as "VW marks" and the trademark registration securing said VW marks. The plaintiffs assert that the defendant has engaged in unauthorized use of VW marks in violation of certain federal statutes (Counts I, II, IV, VII, VIII, X), in violation of certain state statutory rights (Counts V, XI), and in violation of certain common law rights (Counts III, VI, IX, XII, XIII).

When the instant action matter was commenced, the defendant Bugatti notified its general liability insurance carrier, Arbella Protection Insurance Co. (hereinafter Arbella) of the suit. As a result thereof, Arbella has been providing a defense to Bugatti. Previously, the plaintiffs sought and obtained documents as a result of a notice of deposition issued to Arbella. (Exhibit 2) The plaintiffs now seek to take a deposition of Arbella pursuant to F.R.C.P. Rule 30(b)(6) and requests additional documents.

The bases for this motion are:

1. The deposition imposes undue burden on the deponent. F.R.C.P. Rule 45(c)(1).

2. The notice of deposition is overly broad and vague.

3. The notice of deposition is oppressive.

4. Issues raised in the deposition notice regarding insurance coverage of Bugatti are irrelevant and immaterial to the plaintiffs' cause of actions for trademark infringement and unfair competition. The plaintiffs have sought and obtained the insuring agreement for Bugatti and that is the extent and scope of insurance information that they are entitled to.

5. The plaintiffs seek information that is privileged work product (Exh. 1, Sch. A, para. 12-16, 18-20). Specifically, the plaintiff seeks a deponent to speak to certain logos used or developed by the defendant Bugatti (Id., para. 12-14). Arbella's knowledge of such information, if any, would have been developed as part of its investigation as trial preparation materials and materials prepared in anticipation of litigation. As such it is work product protected pursuant to F.R.C.P. Rule 26(b). Arbella's entire claims file was generated after the inception of this litigation when Arbella was put on notice of the action by personal counsel to Bugatti by letter of July 12, 2005. By letter of September 26, 2005 the defense was assigned to counsel for Bugatti retained by Arbella.

6. The plaintiffs seek to have a deponent speak to settlement proposals discussed during the instant litigation and the handling of the claim (Exh. 1, Sch. A, para. 18-20, Sch. B, para. 10-11). Arbella should be under no obligation to produce a deponent to speak to its development of the defense to this action. Settlement proposals are work product.

7. The plaintiffs seek a deponent to speak to infringement of "copyright, trade address, or slogan by any advertisement of Bugatti, Inc." (Exh. 1, Sch. A, para.16). Arbella should be under no obligation to provide someone to speak to information developed during the course of this litigation as work product. The seeking of opinions from Arbella on these issues is not the proper subject matter of a deposition from the insurer.

8. The plaintiffs seek information about defendant's insurance policy and ask that Arbella produce a witness to interpret clauses of the policy and/or offer opinion testimony on whether certain acts complained of, are covered under the policy. (Exh. 1, Sch. A, para. 8-11, 17). The plaintiffs are not entitled to such information. Determinations of coverage to be ultimately made by the carrier are not ripe for determination and are not relevant to plaintiff's claims of trademark infringement.

9. The plaintiffs seek information that is irrelevant to the issues in this lawsuit and that is not reasonably calculated to lead to information that is discoverable (Exh. 1, Sch. A, para. 1-7, 21-26). The plaintiff seeks a deponent to address the determination made by Arbella for the production of documents previously provided by its keeper of records, or the determination made for this 30(b)(6) notice (Id., para. 6 and 7). This request is also irrelevant to any inquiry or

factual issues in this litigation. Additionally, the documents sought by the plaintiff duplicate documents previously produced. The plaintiff had already obtained documents contained in Arbella's file. Plaintiff now seeks after acquired documents that are clearly work product and developed after counsel for Bugatti was retained. (Exh. 1, Sch. B, para. 1-9) Finally, Arbella has agreed to produce some of the requested documents. (see, Exh. 1, Sch. B, para. 12-17)[1].

FOR ALL THE ABOVE REASONS, Arbella Protection Insurance Co. asserts that a protective order should be entered precluding the discovery requested and the subpoena be quashed. The deponent's memorandum of law in support of this motion is filed herewith.

                                ARBELLA PROTECTION INSURANCE CO.
                                By its attorney,

DATED: 3/3/06                   /s/Lewis C. Eisenberg
                                Lewis C. Eisenberg, Esq. / BBO #152140
                                COSGROVE, EISENBERG and KILEY, PC
                                803 Hancock Street - P.O. Box 189
                                Quincy, MA 02170
                                (617) 479-7770

---

[1] Arbella has agreed to produce all policies for prior years that are requested in these paragraphs to Exhibit 1, Schedule B (para. 12-17).

**CERTIFICATE OF SERVICE**

    I, Lewis C. Eisenberg, Esq., as attorney for Arbella Protection Insurance Co., hereby certify that on this date a copy of the within Motion to Quash Deposition was served on the below attorneys, by hand delivery:

    Margaret H. Paget, Esq.
    Sherin & Lodgen
    101 Federal Street
    Boston, MA  02110

    Geri L. Haight, Esq.
    Mintz, Levin, Cohn, Ferris,
    Glovsky & Popeo, PC
    One Financial Center
    Boston, MA  02111

and by facsimile and first class mail to:

    Michael D. White, Esq.
    Blank Rome, LLP
    Watergate
    600 New Hampshire Ave., NW
    Washington, DC 20037

    /s/Lewis C. Eisenberg
    LEWIS C. EISENBERG, ESQ.

    DATED: 3/3/06